[No. 2269. Decided October 2, 1896.]

THE STATE OF WASHINGTON, *on the Relation of G. W. H. Davis*, v. THE SUPERIOR COURT OF PIERCE COUNTY.

CRIMINAL LAW — WRITS CORAM NOBIS — SUFFICIENCY OF SHOWING MADE.

Admitting, but not deciding, that the writ *coram nobis* might issue from a superior court of this state to inquire into certain alleged misstatements by the prosecuting witness upon the trial of a criminal cause, the petition therefor would not be sufficient when based upon the claim that the testimony of such witness " was not in accordance with the facts but was fraudulent and untrue."

*Original Application for Prohibition.*

*G. W. H. Davis*, for relator.

The opinion of the court was delivered by

GORDON, J.— Gus Roberts was convicted in the superior court of Pierce county of the crime of rape and sentenced to ten years' imprisonment in the penitentiary.   Subsequently he filed in said court a petition in the nature of an application for a writ *coram nobis,* to inquire into certain alleged mis-statements made by the prosecuting witness, Ellen Schedin, upon the trial of the cause.   His affidavit in support of the petition alleges that subsequent to his trial and conviction the prosecuting witness, in the presence of divers persons, stated and admitted that her testimony upon the trial was, upon material questions, false and mistakenly made, and he seeks to have such persons brought before the court and examined concerning her statements so made.   The state demurred to the affidavit and petition in the lower court, and its demurrer was overruled and the petition set down for hearing. Thereupon the state applied for a writ of prohibition directed to the lower court, restraining it from further proceeding therein upon the ground that it has no jurisdiction.

Counsel for the state, upon the argument in this court, contended that the courts of this state are not vested with power to grant writs of this character. The record does not require us to determine that question, and as no briefs have been submitted by counsel in this case, in view of the importance of the question, we will not undertake to do so.   If satisfied that the writ might issue in a proper case, we would nevertheless be constrained to hold the petition in the present case insufficient.   It is based upon the claim that the testimony of the complaining witness in the trial of the criminal case " was not in accordance with the facts but was fraudulent and untrue."   We have

been unable to find a case where the writ has been granted upon such showing, and upon principle we think that it ought not to be regarded as sufficient. The prosecutrix was a witness before the jury and sworn to testify truly.   To receive her subsequent statement for the purpose of discrediting or impeaching the proceedings or judgment would be to open wide the door to fraud and lead to most baneful results.   The law, upon considerations of public policy, will not receive the affidavit of a juror to impeach his verdict, and renders inadmissible the testimony of third persons as to what they heard jurors say in derogation of their verdict.   Like considerations constrain us to hold that the remedy cannot be invoked upon a mere showing that the prosecuting witness has subsequently made contradictory statements or that she is now willing to swear that her former testimony upon the trial was false.'   Her latter oath is no more binding than her former one, and if the remedy sought exists in the jurisprudence of this state — a question which we do not now decide — it nevertheless must follow that it cannot be claimed upon a showing of the character here made.

The peremptory writ will issue.

HOYT, C. J., and DUNBAR, ANDERS and SCOTT, JJ., concur.