Collins v. The State.

JOHN H. COLLINS v. THE STATE OF KANSAS.

No. 13,093.    (71 Pac. 251.)

SYLLABUS BY THE COURT.

CORAM NOBIS—*Purpose of the Writ.*    The writ of error *coram nobis* will not lie to vacate a judgment of conviction and secure a retrial of the accused because of his inability, within statutory limits of time, to prepare a record in appeal to this court showing the errors of which complaint was made.    Such writ lies only to correct errors of fact in ignorance or disregard of which the judgment was pronounced, and to relieve from which no other remedy exists.

Error from Shawnee district court; Z. T. HAZEN, judge.    Opinion filed January 10, 1903.    Affirmed.

*Hayden & Hayden,* and *Welch & Welch,* for plaintiff in error.

*Galen Nichols,* county attorney, for The State.

The opinion of the court was delivered by

DOSTER, C. J. : This was a proceeding in error *coram nobis*, begun in the district court, to vacate a judgment of conviction of John H. Collins of the crime of murder, and to secure for him a retrial. The court below denied the writ, and from its order of denial this proceeding in error has been instituted.

The sole ground upon which a claim of right to the writ is based is that Collins was prevented from appealing his case to this court because of his inability to make up a record embodying his exceptions to the rulings of the court trying him, and showing the errors committed against him, within the time allowed by law for perfecting and filing such record. That, however grievous the hardship, does not constitute a reason for the issuance of the writ of error *coram nobis*. That writ lies only to correct the record of the trial itself in matters of fact existing at the time of the pronouncement of the judgment, in respect of which the court was unadvised, but had it been advised, the judgment would not have been pronounced. · The unvarying test of the writ *coram nobis* is mistake or lack of knowledge of facts inhering in the judgment itself. It has never been granted to relieve from consequences arising subsequently to the judgment. In *The State v. Calhoun*, 50 Kan. 523, 32 Pac. 38, 18 L. R. A. 838, 34 Am. St. Rep. 141, it was allowed in order to relieve from the consequences of a plea of guilty made through duress of fears induced by threats of mob violence. In *Asbell v. The State*, 62 Kan. 209, 61 Pac. 690, it was denied for the reason that the facts on which the application was predicated were known during the progress of the trial, or were available on motion for new trial, or, if not known in

time for use on motion for new trial, would be merely cumulative upon facts which were known at that time.   In that case it was held :

"The office of the writ of error *coram nobis* is to bring to the attention of the court, for correction, an error of fact—one not appearing on the face of the record, unknown to the court or the party affected, and which, if known in season, would have prevented the rendition of the judgment challenged."

In *Dobbs v. The State*, 63 Kan. 321, 65 Pac. 658, the writ was denied as a means of relief from prejudicial matters occurring before and on the trial, such as inability to learn and present facts entitling the party to a change of venue, ignorance or unfaithful conduct of his attorney, etc.   The court, among other things, held :

"The application for a writ of error *coram nobis* must show that, if the facts upon which the error is predicated had been presented to the trial court, the judgment complained of could not have been entered."

All the decisions are to the effect that the writ lies only to correct errors of fact, in ignorance or disregard of which the judgment was pronounced, to relieve from which no other remedy exists.   None of the courts has used it to relieve from the misfortune of being unable to prosecute an appeal for the correction of errors of law.   We cannot allow it to be used for such purpose.   We cannot invent forms of procedure to relieve unfortunate suitors.

The judgment of the court below will be affirmed

All the Justices concurring.