[No. 6635.   Decided June 5, 1907.]

ALBERT WILSON, *Appellant*, v. THE STATE OF WASHINGTON
et al., *Respondents*.[1]

CRIMINAL LAW—WRIT OF CORAM NOBIS—WHEN ISSUES.   The writ
of *coram nobis* will not issue to set aside a judgment of conviction
upon the ground that the testimony of the defendant was given under
a misapprehension and was believed by him to be true owing to mis-
representations of his partner and codefendant, who is now dead, and
who confessed to the crime after the trial and to misleading the de-
fendant into giving the false testimony.

Appeal from a judgment of the superior court for Thurs-
ton county, Linn, J., entered October 10, 1906, denying an
application for a writ of error *coram nobis* to set aside a
judgment of conviction of larceny.   Affirmed.

*Frank C. Owings* and *G. C. Israel*, for appellant, cited:
Pierce's Code, § 249 (Bal. Code, § 4783) ; *State ex rel. Davis
v. Superior Court*, 15 Wash. 339, 46 Pac. 399 ; *State v. Arm-
strong*, 41 Wash. 601, 84 Pac. 584 ; *State v. Calhoun*, 50
Kan. 523, 32 Pac. 38, 34 Am. St. 141 ; *Sanders v. State*, 85
Ind. 318, 44 Am. Rep. 29 ; *Alder v. State*, 35 Ark. 517 ;
*Beaubien v. Hamilton*, 4 Ill. 213 ; *Maple v. Havenhill*, 37 Ill.
App. 311 ; *Jeffery v. Fitch*, 46 Conn. 601 ; *Kemp v. Cook*,
18 Md. 130, 79 Am. Dec. 681 ; *Latshaw v. McNees*, 50 Mo.
381 ; *Roughton v. Brown*, 53 N. C. 393 ; *Giddings v. Steele*,
28 Tex. 732 ; *Williams v. Edwards*, 34 N. C. 118 ; *Merritt
v. Parks*, 25 Tenn. 332 ; *Phillips v. Russell*, Fed. Cas. No.
11,105a ; *Holford v. Alexander*, 12 Ala. 280, 46 Am. Dec.
253 ; *Fellows v. Griffin*, 17 Miss. 362 ; *Abernathy v. Latimore,
Jenkins & Co.*, 19 Ohio 286 ; *Crawford v. Williams*, 31 Tenn.
341.

*P. M. Troy*, for respondents.

[1]Reported in 90 Pac. 257.

Dunbar, J. — The appellant, together with one Peter Currie, was convicted in the superior court of Thurston county of the crime of larceny of neat cattle. An appeal was prosecuted in the supreme court of this state, and the judgment of the superior court affirmed. *State v. Wilson*, 42 Wash. 56, 84 Pac. 409.

During the pendency of the appeal, the appellant's co-defendant, Currie, committed suicide. Upon the receipt of the remittitur by the clerk of the superior court, the appellant filed in said superior court his application for a writ of *coram nobis*. The court refusing to grant the writ, an appeal was taken to this court. The ownership of the cattle was alleged to be in one J. F. McCorkle. These cattle were found, some of them in September, 1904, and some of them in January, 1906, with the brand of Wilson and Currie upon them. Wilson and Currie were partners in the conduct of a farm and in the business of purchasing and selling cattle. The defense was ownership of the cattle in question. The appellant Wilson at the trial testified that he had branded certain of the calves which were the subject of the indictment, and that they belonged to him and Currie. He now declares that he was mistaken as to the identity of the cattle; that the cattle he had been charged with the larceny of were in fact cattle belonging to McCorkle, but that he believed that they were the cattle he had branded when he so testified, and that he was led to make the mistake in the identity by reason of the similarity of the cattle of McCorkle and the cattle branded by him; that he was primarily led to make the mistake by reason of Currie's misrepresentations; that the cattle were in fact stolen by Currie, a fact of which Wilson was entirely ignorant, and that he relied upon the statement made by his partner, who is also his brother-in-law, that they were the owners of the cattle and that they were the same cattle which Wilson had helped to brand; and that Currie after the conviction had confessed to Wilson, the appellant, that the cattle

27—46 wash.

in controversy were McCorkle's cattle, and that he had deceived Wilson as to their ownership. These are in substance the facts on which the petition for the writ is based.

It is contended by the respondent that the writ of *coram nobis* is obsolete in this state. While it is true that our code has made many provisions for appeal which did not exist at the common law, we are not prepared to say that the statutes have abrogated all the rights which the common law bestowed upon defendants in criminal actions. But conceding for the purposes of this case that the writ of *coram nobis* is available in a proper case shown, the petition here fails to present a case for relief, either under the provisions of the statute or of the common law. Writs of *coram nobis* were prosecuted at common law for the purpose of bringing to the attention of the court certain facts which could not have been presented at the former trial, and which, upon being made to appear, would justify the entry of a different judgment, but the writ was never intended to take the place of a motion for a new trial, and if it had been, our statute makes adequate provisions for that. The sufficiency of a petition to warrant the issuance of this writ has twice been before this court. In *State ex rel. Davis v. Superior Court*, 15 Wash. 339, 46 Pac. 399, the affidavit in support of the petition alleged that the testimony of the complaining witness in the trial of the case was not in accordance with the facts but was fraudulent and untrue, and that she had afterwards testified to its untruthfulness. The court in passing upon the sufficiency of the petition said:

"If satisfied that the writ might issue in a proper case, we would nevertheless be constrained to hold the petition in the present case insufficient. It was based upon the claim that the testimony of the complaining witness in the trial of the criminal case 'was not in accordance with the facts but was fraudulent and untrue.' We have been unable to find a case where the writ has been granted upon such showing, and upon principle we think that it ought not to be regarded

as sufficient. The prosecutrix was a witness before the jury and sworn to testify truly. To receive her subsequent statement for the purpose of discrediting or impeaching the proceedings or judgment would be to open wide the door to fraud and lead to most baneful results. The law, upon considerations of public policy, will not receive the affidavit of a juror to impeach his verdict, and renders inadmissible the testimony of third persons as to what they heard jurors say in derogation of their verdict. Like considerations constrain us to hold that the remedy cannot be invoked upon a mere showing that the prosecuting witness has subsequently made contradictory statements, or that she is now willing to swear that her former testimony upon the trial was false. Her latter oath is no more binding than her former one."

The same might be said of the alleged statement of Currie that he had sworn falsely in regard to the ownership of the cattle, even if such oath was presented to the court, but this is not so strong a case. It is simply the affidavit of a codefendant that Currie told him, not under oath, that certain things he swore to were untrue. And this statement in regard to Currie's statement to the appellant was not made until after Currie's death. The showing is not sufficient to set aside a judgment of a court which has been found upon appeal to the highest jurisdiction of the state to have been based upon a legal and fair trial, and to permit the appellant, after having sworn to a statement of facts which was found by the jury trying him not to be true, to now come in and obtain a new trial by swearing that he was mistaken and was testifying under a misapprehension of the true facts when he swore to the ownership of the property, and as a basis for this statement furnish only the alleged statement of his codefendant who is now dead, and try the cause again upon another issue, would be to make a farce of the administration of the criminal law.

In the case of *State v. Armstrong*, 41 Wash. 601, 84 Pac. 584, it was held that an application for a writ of *coram nobis* was insufficient where the writ was sought to set aside a con-

viction of murder, because of the commission of perjury of a juror upon his *voir dire*, not discovered until after the decision of the case on appeal; since the qualifications of the juror had been adjudicated, and a writ could not be employed to set aside verdicts on account of perjury. The many cases cited by the appellant to sustain, and which do sustain, his contention that the writ of *coram nobis* is not obsolete in the code states, do not sustain the issuance of the writ on the petition and affidavits filed in this case.

The trial court, not having erred in refusing to issue the writ, the judgment is affirmed.

HADLEY, C. J., MOUNT, ROOT, RUDKIN, FULLERTON, and CROW, JJ., concur.