MILO E. HARTMAN, Plaintiff in Error, v. ORA HARTMAN, Defendant in Error.

Kansas City Court of Appeals, January 16, 1911.

1. **TRIAL PRACTICE:** Writ of Coram Nobis. Where it appears of record that the trial of a cause was entered upon on the 6th day of the month, and continued from day to day until the 11th, on which day judgment was rendered, a writ of *coram nobis* will not lie to correct the inadvertence of the clerk in entering judgment as of the 6th. The proper procedure is to correct by a *nunc pro tunc* entry.

Hartman v. Hartman.

2. **APPELLATE PRACTICE: Writ of Error.** In view of the fact that more than two years have elapsed since the rendition of the judgment, and that section 2380, Revised Statutes 1909 (section 2931, R. S. 1899), of the chapter on "Divorce, Alimony and Custody of Children," provides that "no final judgment or order . . . shall be reversed, annulled or modified, . . . by writ of error . . . unless such writ shall have been issued within sixty days after the order was made or judgment rendered," the writ must be denied because it would avail nothing.

Appeal from Jackson Circuit Court.—*Hon. C. H. Kitchener,* Special Judge.

AFFIRMED.

*L. H. Waters* for appellant.

(1) The demurrer admitted the facts stated in plaintiff's petition and should have been overruled. *Coram nobis* or a writ in the nature of it was the proper remedy and there is no time limited within which it should have been filed. In re Tony, 11 Mo. 661; State v. Clarkson, 88 Mo. App. 553; 23 Cyc., p. 883-885, sec. 3; State v. Wallace, 209 Mo. 364; State ex rel. v. Riley, 219 Mo. 682; Cross v. Gould, 131 Mo. App. 585. (2) Plaintiff in error cannot be deprived of his rights, his life, his liberty, or his property without due process of law. Constitution of the U. S., sec. 1, art. 14, amendments; Secs. 10, 30, art. 2, Constitution of Missouri. (3) General Waters had a right to demur to our petition. This was correct practice. Tidd's Practice, 1117. It could have been brought either as a motion in the original cause, or as an independent proceeding in the same court which tried the original case. State ex rel. v. White, 75 Mo. App. 259; Dugan v. Scott, 37 Mo. App. 669.

*L. H. Waters* for defendant in error.

(1)   Judge Kirshner had jurisdiction to hear and determine the case.  ''When a special judge is elected or agreed upon to try a case, his power will not cease until the final determination of the case.''   Naffzieger v. Rud, 98 Mo. 89; Ex parte Clay, 98 Mo. 581; State ex rel. v. Deposit Co., 117 S. W. 619.   (2)   The clerk's inadvertence in entering the decree could have been corrected by a *nunc pro tunc* entry.   When the clerk made a clerical mistake in entering a decree divorcing the defendant in a case where plaintiff's petition was dismissed without a divorce being granted either party, it was held that a *nunc pro tunc* entry at the next term was justified.   Moster v. Moster, 53 Mo. 326.   (3) Plaintiff's motion, filed and heard at the October term, 1908, to modify the decree as to the custody of the child, was a waiver of the error complained of.   (4) The writ of error *coram nobis* is within the prohibi- tion of sections 2931 and 2932, R. S. 1899.  Moster v. Moster, 53 Mo. 327.   The writ of error *coram nobis* is not a writ of right.   Higbie v. Comstock, 1 Denio 652; State ex rel. v. Wallace, 209 Mo. 364-5.   (5)   Courts cannot limit the prohibition to the statutory review. The statute is clear and emphatic.   Salisbury v. Salis- bury, 92 Mo. 687.   The prohibition of the statute is absolute and cannot be avoided, whether the proceed- ing be called one at law or in equity, or by whatever name such a pleading be designated.   Smith v. Smith, 48 Mo. App. 618; Cole v. Cole, 89 Mo. App. 231; El- liott v. Elliott, 135 Mo. App. 44.

BROADDUS, P. J.—This case comes to this court on writ of error.   Plaintiff in error petitioned the cir- cuit court for a writ of *coram nobis*.   The defendant interposed a motion to quash the writ, which was sus- tained by the court, and plaintiff declining to further plead, judgment was rendered against him, to reverse which he sued out this writ of error.

The facts are that defendant, Ora Hartman, brought suit in the Jackson County Circuit Court to obtain a divorce from the plaintiff herein. On Friday, November 6, 1908, Judge Park, judge of Division One of said court, being absent, the Hon. C. H. Kitchner was elected to try the cause. On that day the trial of the cause was entered upon. Upon the close of the day the cause was continued until Monday, November 9th, and continued through the following day and into Wednesday, the 11th of November, on which a judgment was rendered in favor of the plaintiff therein, against the defendant, the plaintiff herein.

On November 9th, Judge Park returned and resumed his regular duties as judge of said division. Judge Kitchner on learning that Judge Park was also sitting in said division Monday, Tuesday and Wednesday, ordered the clerk to enter the decree rendered as of the 6th, entered as of the 11th of the month. Within four days from the latter date the plaintiff in error herein filed his motions for a new trial and in arrest of judgment, but not within four days from the date of the entry of judgment on the 6th of the month.

At the same term on December 29, 1908, the court made the following order in the cause: "The court orders that defendant's motion for a new trial and in arrest of judgment filed November 12, 1908, are to have the force and effect as though filed November 6, 1908, and said motions are by the court overruled. To which ruling of the court defendant excepts."

On the same day plaintiff in error filed an affidavit in which he recited that he was not permitted to see his child as provided by the decree of divorce, whereupon the court, on application of defendant's attorney modified the decree so that the husband was allowed to see the child at stated times. It is stated in the brief of the defendant in error that the plaintiff in

error has enjoyed the benefit of the said modification of the decree for two years.

The contention of the defendant in error is that, as the plaintiff in error could have corrected the inadvertence of the clerk in entering the decree by a *nunc pro tunc* entry, he has no standing in court. This is certainly true because the record of the proceeding in the case was available for that purpose, as it must have shown that the trial was in progress from the 6th to the 11th of the month. This could have been accomplished on the 24th day of December, during the same term, and while the special judge in the case was sitting, at which time he overruled defendant's motion for a new trial and in arrest of judgment.

We are of the opinion that this is not a case where the writ can lawfully issue. The writ of *coram nobis* is defined as follows: This writ lies in the same court which rendered the judgment and brings its own judgment before it for review, on account of some error affecting the validity and regularity of the proceedings and which was not brought in issue, for instance to show the death of a party at the time of the rendition of the judgment against him; or in case of judgment against a married woman without joining her husband as a party and like instances. [State v. Wallace, 209 Mo. 359; Latshaw v. McNees, 50 Mo. 381; Cross v. Gould, 131 Mo. App. 585.] But it does not lie to correct matters that appear of record. We find no case where it is so applied. It would be absurd for a court to issue a writ of *coram nobis* to correct the recitations of its own records with the records before it showing wherein the entry was incorrect. And such is this case. Everything appears on the record, viz.: That the hearing of the cause was begun on the 6th of November and continued until the 11th of the month, when it was concluded and judgment, entered, which was erroneously entered on the 6th day, the date of the begin-

ning of the hearing, instead of the true date of the judgment.

And the writ must be denied for another cause. It would avail nothing. Section 2931, Revised Statutes 1899, chapter on Divorce, Alimony and Custody of Children, provides that, no final judgment, or order, rendered in cases arising under this chapter, shall be reversed, annulled or modified by any appellate court by appeal or writ of error, "unless such appeal shall have been granted during the term of court at which the judgment or order appealed from was rendered, or unless such writ of error shall have been issued within sixty days after the order was made or judgment rendered." In a case where a mistake had been made by the clerk in entering a judgment granting a divorce, when in fact the order of the court was dismissing the plaintiff's petition, the order was at a subsequent term corrected by a *nunc pro tunc* order, reciting the decree as it was rendered. The plaintiff appealed from the last order. The court holds that: "It is the real judgment or order as it was made, though not properly spread on the record, that cannot be appealed from except during the term, and cannot be touched by a writ of error after the lapse of sixty days." [Moster v. Moster, 53 Mo. 326.] As more than two years has elapsed since the rendition of the judgment, the plaintiff in error is asking for a writ that will prove barren of any relief whatever. His writ was properly denied. Since what has been said finally disposes of the cause we will not discuss other matters raised in the briefs and argument. The cause is affirmed.