# The W. A. Jones Foundry & Machinery Company, Appellee, v. The Aurora, Elgin & Chicago Railway Company, Appellant.

## Gen. No. 15,916.

1. JUDGMENTS—*when motion coram nobis lies.* Where a valid defense exists in fact, but which, without negligence on the part of the party who complains of the action of the court, is not made, the motion, substituted by statute for the writ of error, *coram nobis,* may be invoked.

2. PRACTICE—*what essential to invocation of motion coram nobis.* Diligence on the part of the party complaining is as essential to the right to relief by means of such motion, as it is that a good defense to the action on the merits shall exist.

W. A. Jones F. & M. Co. v. A., E. & C. R. Co., 166 Ill. App. 166.

Action commenced before justice of the peace.   Appeal from the Circuit Court of Cook county; the HON. M. W. PINCKNEY, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1909.   Affirmed.   Opinion filed November 15, 1911.

HOPKINS, PEFFERS & HOPKINS, for appellant.

ELMER ALLEN KIMBALL, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is an appeal from an order of the Circuit Court denying a motion of appellant to vacate an order dismissing its appeal from a justice of the peace to the Circuit Court.   The summons issued by the justice of the peace was returnable September 13, 1904, at which time neither the appellant, nor any one for it, appearing, judgment was rendered by default against it.   On September 30, 1904, appellant filed its appeal bond with the justice of the peace.   The justice's transcript of the judgment was filed in the office of the clerk of the Circuit Court January 31, 1907. On February 3, 1909, the case was reached for trial, and neither appellant nor any one for it appearing, the appeal was dismissed by the court for want of prosecution.   Up to that time no attorney had entered his appearance for appellant in this case.   On April 17, 1909, which was more than four years after the appeal bond was filed with the justice of the peace, more than two years after the transcript was filed with the Clerk of the Circuit Court, and more than two months after the appeal had been dismissed by the Circuit Court, and at a subsequent term of that court, appellant, by its attorneys, filed its motion to vacate and set aside the order dismissing the appeal, and this motion was denied.

It is this action of the court that forms the basis of this appeal.

Where a valid defense exists in fact, but which, without negligence on the part of the party who complains of the action of the court, is not made, the motion, substituted by statute for the writ of error, *coram nobis* (R. S. Chapter 110, Section 89), may be invoked. Pisa v. Rezek, 206 Ill. 344.

Diligence on the part of the party complaining is as essential to the right to relief by means of such motion, as it is that a good defense to the action on its merits shall exist.

The affidavits and evidence presented in support of the motion in this case signally fail to overcome the imputation of negligence on the part of appellant, arising from the facts shown by this record.

That appellant was aware of the judgment entered by the justice of the peace, and of the pendency of that case in the Circuit Court on appeal, is conclusively shown by the fact that it filed its appeal bond with the justice of the peace. Having knowledge that the case was pending on the docket of the Circuit Court, it was the duty of appellant to keep itself advised as to when it would be reached for trial and to present its defense when it was so reached. There is no showing that appellant ever employed attorneys to attend to this case, until after the appeal had been dismissed, for more than two months. The affidavits so filed do state that Hopkins, Peffer and Hopkins *are* its attorneys; that a firm of reporters *are* under contract to notify such attorneys of all cases in which appellant is interested; that one Ashworth *has* charge of the trial dockets and calendars in the office of such attorneys, but there is no proof that Hopkins, Peffer and Hopkins were appellant's attorneys on the date the appeal was dismissed, or that the firm of reporters were in the employ of that law firm at that time, or that Ashworth at that time had charge of the trial dockets and calendars for that law firm.

The court cannot assume from the fact that Hopkins, Peffer and Hopkins were the attorneys for appellant at the time the motion to vacate the order of dismissal was made, that they had been its attorneys prior to the dismissal of the appeal.

There being no showing that appellants had employed attorneys to attend to this case, it must be assumed either that it intended to make its defense without an attorney, or that for some reason best known to it, it intended to make no defense. Whatever was the intention of appellant, there is nothing in the record to indicate that any attention was paid to the case by it, after it filed its appeal bond in 1904, more than four years and six months before its appeal was dismissed. That being true, it is impossible that the fact that the title of the case was not correctly published in the Daily Law Bulletin could have misled appellant, or have been the cause of its failure to present its defense.

The conclusion is, therefore, irresistible that appellant was negligent in failing to present its defense and that the Circuit Court committed no error in denying the motion of appellant to set aside and vacate the order dismissing the appeal.

The judgment of the Circuit Court is, therefore, affirmed.

*Affirmed.*