Mark F. Madden and Michael S. Madden, copartners as Madden Brothers, Appellees, v. Alexander D. Ferguson and Sarah J. Ferguson, Executors, Appellants.

Gen. No. 17,911.

Mark F. Madden and Michael S. Madden, copartners as Madden Brothers, Appellants, v. Alexander D. Ferguson and Sarah J. Ferguson, Executors, Appellees.

Gen. No. 17,647.

1. MUNICIPAL COURT OF CHICAGO, § 20*—*when appeal will be dismissed.* An appeal from a judgment is properly dismissed when not prayed for within twenty days from entry, as required by section 22 of the Municipal Court Act, J. & A. ¶ 3334, and where no petition for vacating the judgment is filed, as permitted by section 21 of such act (¶ 3333).

2. JUDGMENT, § 271*—*what is object of writ of error coram nobis.* The writ of error *coram nobis* is not intended to authorize any court to review and revise its opinion, but only to vacate some adjudication made while some fact existed which, if before the court, would have prevented the rendition of the judgment, and which without fault or negligence of the party, was not presented to the court.

3. BROKERS, § 92*—*when a finding as to a broker's compensation will not be disturbed.* Held that a finding as to the existence of a contract by which a defendant agreed to pay plaintiff brokers a certain commission on stock sold, and that such brokers had no claim in excess of the amount of such commissions, would not be disturbed, the evidence being conflicting.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed October 13, 1913.

McARDLE & McARDLE, for appellants, Madden Brothers.

EDGAR L. MASTERS, for appellees, Alexander D. Ferguson et al.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

Mr. Presiding Justice Baker delivered the opinion of the court.

In 1910, Dr. Alexander H. Ferguson was the owner of eight hundred of the one thousand shares of the capital stock of the Chicago Hospital, a corporation. This Hospital property was incumbered by a mortgage for $35,000. Madden Brothers, as brokers for Dr. Ferguson, sold his stock for $32,000 and claimed that their agreement with Dr. Ferguson was that he should pay them a commission of five per cent. on the amount the stock was sold for, and also on the $35,000 mortgage indebtedness of the Hospital. Dr. Ferguson paid them $500 on account and for the remainder of their claim, $2,864, they brought suit in the Municipal Court December 13, 1910.

In the Municipal Court, Dr. Ferguson contended that the agreement was that Madden Brothers should be paid only a commission of five per cent. on the amount the stock was sold for. In his affidavit of defense he stated that he employed plaintiffs as brokers to sell for him eight hundred shares of stock, agreeing to pay them a five per cent. commission on the amount realized on the sale of the stock; that plaintiffs sold the stock for $32,000 and defendant thereby became liable to pay them $1,600 as commissions; that he paid them $500 on account and owed them "$1,100 balance on the commission and $14.00 for the abstract, making $1,114.00 in all, and nothing beyond this." February 3, 1911, the court, under the provisions of section 55 of the Practice Act of 1907 (J. & A. ¶ 8592), entered judgment for the plaintiffs for $1,114, and reserved for future adjudication the remainder of plaintiffs' demand. The defendant moved to set aside the judgment of February 3 for $1,114, and his motion was denied April 6. The issues on the claim of the plaintiffs in excess of the judgment for $1,114 entered on the affidavit of defense were submitted to the court, and April 6 the court found the issues as to said claim for the defendant and

entered judgment for the defendant accordingly. From this judgment plaintiffs took the appeal docketed as No. 17,647. The defendant prayed and was allowed an appeal from the order denying his motion. April 14 defendant's motion for a new trial was entered and overruled *nunc pro tunc* as of April 6. April 21 an order was entered amending the order allowing defendant an appeal so as to read: "Appeal by defendant from order denying motion to set aside judgment of February 3, 1911, for $1,114 and from said judgment of February 3, 1911, for $1,114, allowed on filing bond in sum of $1,500," etc. April 22 defendant filed his bond for an appeal from the order of April 6 and also from the judgment of February 3, and his appeal was docketed as No. 17,911.

In this court, on motion of appellees, the appeal from the judgment of February 3, 1911, was dismissed and the motion to dismiss the appeal from the order denying the motion to vacate the judgment denied.

Pending the appeal Dr. Ferguson has died and his executors have been substituted as appellants and appellees respectively.

The appeal from the judgment of February 3 was properly dismissed because it was not prayed for within twenty days from the entering of the judgment, as required by section 22 of the Municipal Court Act (J. & A. ¶ 3334), and no petition for vacating the judgment was filed, as permitted by section 21 of said Act. (¶ 3333.)

The affidavit of defense is equivalent to an express acknowledgment of the action for $1,114. The case was not a proper one for a writ of error *coram nobis*. That writ is not intended to authorize any court to review and revise its opinions, but only to vacate some adjudication made while some fact existed which, if before the court, would have prevented the rendition of the judgment, and which, without any fault or negligence of the party, was not presented to the court. 1 Freeman on Judgments, sec. 94.

The motion to set aside the judgment was properly denied.

The order denying the motion of defendant to vacate the judgment is affirmed.

*Order affirmed.*

The question presented by the appeal of the plaintiffs from the judgment for the defendant on the issues as to the claim of the plaintiffs in excess of the judgment for $1,114 recovered by plaintiffs on the admission in the affidavit of defense, is one of fact on which the evidence is conflicting. We cannot on the evidence say that the court might not properly find that the contract between the plaintiffs and Dr. Ferguson was that Dr. Ferguson should pay plaintiffs a commission of five per cent. on the amount they sold his stock for, and if that was the contract the plaintiffs had no claim to any sum in excess of the amount of the judgment for $1,114 entered on the admissions of the defendant in his affidavit of defense.

The judgment for the defendant on the issues as to the claim of plaintiffs in excess of the judgment for $1,114 is affirmed.

*Judgment affirmed.*