BRADFORD *v.* WHITE.

Opinion delivered October 22, 1917.

WRIT OF ERROR CORAM NOBIS—CHANCERY JURISDICTION.—A writ of *error coram nobis* has no place in chancery proceedings, and is strictly a common law writ.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*S. A. Miller* and *Geo. F. Jones,* for appellant.

1. The chancery court had jurisdiction. 13 Ark. 419; 14 *Id.* 209; 9 *Id.* 188; 40 *Id.* 229; 35 *Id.* 529; 4 *Ia.* 420; 2 R. C. L. 260.

2. The relief prayed should have been granted.

*Coleman & Gantt,* for appellees.

1. The writ of *error coram nobis* is a common law writ. A chancery court has no jurisdiction. 2 R. C. L.

306-7; 54 Am. Dec. 120; 60 L. R. A. 572; 205 U. S. 141; 19 L. R. A. 762.

2. The petition is not sufficient to bring the case within our statutory provisions for vacating judgments. Kirby's Digest, § § 4431, 4433-4. Nor can it be treated as a bill of review. 26 Ark. 600; 47 *Id.* 17; 21 *Id.* 528, 531; 95 *Id.* 517; 104 *Id.* 562.

3. No cause of equitable relief is stated nor cause for vacating the judgment. 95 Ark. 517; 104 *Id.* 562; 89 Ark. 160; 52 *Id.* 316; 39 *Id.* 107, 110.

To entitle one to relief from the consequences of unavoidable casualty or misfortune preventing him from appearing or defending he must show that he was free from negligence. 122 Ark. 74; 114 *Id.* 493; 43 *Id.* 107; 93 *Id.* 462; 97 *Id.* 117; 66 *Id.* 183; 104 *Id.* 45. No diligence is shown. 97 Ark. 314; 43 *Id.* 107. .

HUMPHREYS, J. Appellant brought suit on the 24th day of February, 1916, against appellees in the Jefferson Chancery Court praying for a writ of *error coram nobis* for the purpose of reversing a judgment rendered on the 15th day of May, 1913, in an action wherein Mollie L. Bradford was plaintiff and Marcus L. Bradford, Crawford & Hooker, J. C. Bradford and Onie Bradford, his wife, were parties defendant, in so far as it affected the title to the northeast quarter of the northwest quarter of section 14, township 6 south, range 10 west, in Jefferson County, Arkansas. He alleged ownership of said estate by purchase from Marcus L. Bradford on the 13th day of March, 1913, also want of knowledge that the title to his land was involved in the suit of *Mollie L. Bradford* v. *Marcus L. Bradford et al.,* assigning as a reason his inability to read and write. Excerpts from the judgment were incorporated in his petition but he did not make the entire judgment a part thereof. From the excerpts of the judgment set out in the petition, it appears that Mollie L. Bradford brought a suit against Marcus L. Bradford, her husband, for divorce, and alleged that he was the owner of the land in question. The court found that

Marcus L. Bradford was the owner thereof; that on April 11, 1911, Marcus L. Bradford had executed a mortgage to Crawford & Hooker on said real estate; that on March 21, 1913, he had conveyed said real estate to J. C. Bradford by quitclaim deed for a consideration of $1 and the assumption of the Crawford & Hooker mortgage; that J. C. Bradford accepted the quitclaim deed with full knowledge of the claim of Mollie L. Bradford for alimony and that his title was subject to the interest and rights of Mollie L. Bradford and of the mortgage lien of Crawford & Hooker. The court rendered a decree in favor of Mollie L. Bradford for an undivided one-third interest in said real estate during her natural life, and in favor of Crawford & Hooker on their mortgage claim; that the land was not susceptible of division in kind and ordered same sold to satisfy the mortgage lien and to pay Mollie L. Bradford her interest therein. It also appears from the decree that the lands were sold by a commissioner for $700 to F. G. Smart and S. E. Wilhoit, which sale was approved and confirmed by the court.

A demurrer was filed to the petition predicated upon the theory that a chancery court has no jurisdiction to issue a writ of *error coram nobis;* and that the petition failed to state any cause of action. The court sustained the demurrer to the petition and dismissed same, from which an appeal has been prosecuted to this court. Appellant contends that chancery courts have jurisdiction to issue writs of *error coram nobis,* and cites in support of his position, *Mitchell* v. *Conley,* 13 Ark. 414; *Rawdon, Wright & Hatch* v. *Rapley,* 14 Ark. 203; *King & Houston* v. *State Bank,* 9 Ark. 185; *Bobo* v. *State, use, etc.,* 40 Ark. 224; *Adler* v. *State,* 35 Ark. 517.

We have examined the cases and find nothing in them to sustain the position assumed by appellant. All of them, except *Adler* v. *State,* treat of the right of a court to amend a decree after term time either by motion or by *nunc pro tunc* order to make the decree or judgment speak the truth. The writ of *error coram nobis* was invoked in *Adler* v. *State, supra,* to reverse a judgment of conviction

in a criminal case where the defendant was insane when tried but that fact not made known at the time of the trial.

It seems to be settled that a writ of *error coram nobis* has no place in chancery proceedings and is strictly a common law writ. 2 R. C. L. 305-06; *Reid's, Admr.* v. *Strider's Admr.,* 54 Am. Dec. 120.

Appellant does not insist that the allegations in his petition are sufficient to bring him within the statutory provisions for vacating judgments, nor that it contains the necessary allegations for a bill of review.

No error appearing, the decree sustaining the demurrer and dismissing the petition is affirmed.