JOHN J. LAMB, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion Filed March 1 1926.

398

*Thomas Palmer, W. B. Dickenson, John B. Singletary* and *Dewey A. Dye,* for Petitioner.

WHITFIELD, P. J.—John J. Lamb was convicted of murder in the first degree with recommendation to mercy, and pursuant to the statute was sentenced to life imprisonment.

The judgment of conviction was affirmed by this court on writ of error at the last term. Lamb v. State, — Fla. 107 South. Rep. 530.

Before the mandate of this court was transmitted to the trial court, Lamb presented here a petition sworn to by himself and by his counsel, praying that he be granted the privilege of applying to the judge of the Circuit Court in which the trial was had and judgment of conviction rendered, for a writ of error *coram nobis*, and alleging "that there are certain facts and evidence in existence at the time of his said trial and conviction which were unknown to him and were also unknown to his attorneys, and which have come to his knowledge long subsequent to his trial, conviction and sentence, and long after the expiration of the time within which he could make his motion for a new trial, and which facts if known to the court at the time of his conviction and sentence would have caused the court to have entered a different judgment in said cause, to-wit, a judgment in favor of the defendant, and this plaintiff in error is advised that if such matters could have been presented to the court the sentence and judgment of the court would not have been entered; that none of the said matters and things could have been known by him, or his attorneys, by the exercise of all reasonable diligence because the defendant says that both he and his attorneys exercised all reasonable and ordinary care and diligence in an attempt to ascertain all matters of fact in relation to his said cause from the time of his arrest up until and including the present time."

"The common and statute laws of England which are of a general not a local nature, (with an exception not mate-

rial here) down to the fourth day of July, 1776, be, and the same are hereby declared to be of force in this State; Provided, The said statutes and common law be not inconsistent with the constitution and laws of the United States and the acts of the legislature of this State." Sec. 71 Rev. Gen. Stats. 1920.

Common law writs of procedure that have not been abrogated or superseded by the constitution or by statutory regulations are available in this State, but the use of such judicial writs may be regulated by statute or by rules of court duly promulgated under statutory authority. See McClellan v. Wood, 78 Fla. 407, 83 South. Rep. 295; Rye v. Banks, 66 Fla. 434, 63 South. Rep. 825; Sanders v. State, 85 Ind. 318; 4 Crim. Law Mag. 359, text 373.

The statutes of the State contain no express provisions regulating the use of writs of error *coram nobis* or *coram vobis*. See Collins v. Mitchell, 5 Fla. 364.

There is not now and has never been any limitation of time within which writs of error to this court from judgments of the Circuit Courts can be sued out in *criminal cases*. Collins v. State, 33 Fla. 429, 15 South. Rep. 214; Miller v. State, 15 Fla. 575.

In Nickels v. State, 86 Fla. 208, 98 South. Rep. 497, 502; 99 South. Rep. 121, a writ of error *coram nobis* was issued by the Circuit Court in a criminal case more than six months after the judgment of conviction, six months being the limitation within which writs of error in *civil* causes shall be issued. Sec. 2909 Rev. Gen. Stats. 1920; Eaton v. McCaskill; 53 Fla. 513, 43 South. Rep. 447; Simmons v. Hanne, 50 Fla. 267, 39 South. Rep. 77. In the Nickels case a new trial was had because the material facts unknown to the court at the first trial was the tender of a plea of guilty under duress.

At common law in England a writ of error *coram nobis*

issued from the Court of King's Bench to a judgment of that court, and a writ of error *coram nobis* issued from the court of King's Bench to a judgment of the Court of Common Pleas. 13 C. J. 1235; Fugate v. State, 85 Miss. 94, 37 South. Rep. 554, 3 Ann. Cas. 326, 107 Am. St. Rep. 268; Sanders v. State, 85 Ind. 318, 44 Am. Rep. 29, 4 Crim. Law Mag. 359; 2 R. C. L. 305; 2 Tidd's Prac. 1136.

In some States there are statutory substitutes for the common law writ of error *coram nobis*. Cramer v. Illinois Commercial Men's Ass'n, 260 Ill. 516, 103 N. E. Rep. 459; 52 Pac. 367. But analagous procedure is observed when not otherwise provided by controlling law. State v. Riddell, (R. I.) 97 Atl. Rep. 15; Smith v. Kingsley, 19 Wend. (N. Y.) 620; Duncan v. Sandford, 14 Johns. (N. Y.) 417; Davis v. Packard, 6 Wend. (N. Y.) 327. Higby v. Comstock 1 Denio (N. Y.) 652; Bolling v. Anderson, 1 Tenn. Ch. 127; Reed v. Bright, 232 Mo. 399, 134 S. W. Rep. 653; Cramer v. Illinois Commercial Men's Ass'n, 176 Ill. App. 1; Hodges v. State, 111 Ark. 22, 163 S. W. Rep. 506.

The Circuit Courts of this State have jurisdiction similar to that of the Court of King's Bench in England. Taylor v. State, 49 Fla. 69, text 77, 38 South. Rep. 380; Ex parte Henderson, 6 Fla. 279.

The remedy by writ of error *coram nobis* lies in the trial (circuit) court, as the principal aim of the writ is to afford the court in which the action was tried·an opportunity to correct its own record with reference to a vital fact not known to the court when the judgment was rendered. In re Ernst, 179 Wis. 646, 192 N. W. Rep. 65, 30 A. L. R. 681; Kemp v. Cook, 18 Md. 130, 79 Am. Dec. 681.

This court has only appellate jurisdiction in criminal cases. The Circuit Courts have general original civil jurisdiction and also original jurisdiction in criminal causes

not cognizable by inferior courts and appellate jurisdiction in misdemeanor criminal cases tried in lower courts, with "power to issue all writs proper and necessary to the complete exercise of their jurisdiction." Sec. 11, Art. V. Const. The Circuit Court being a court of general jurisdiction analogous to the Court of King's Bench, has jurisdiction to issue writs of error *coram nobis* to consider a fact or facts theretofore unknown to the court which if known at the trial would have prevented the rendering of the judgment that was rendered by the Circuit Court. Collins v. Mitchell, 5 Fla. 364; Nickels v. State, 86 Fla. 208, 98 South. Rep. 497, 502; 99 South. Rep. 121; Johnson v. Strous Saddlery Co., 2 Ala. App. 300, 56 South. Rep. 755; 5 Ency. Pl. & Pr. 30.

If another remedy exists a writ of error *coram nobis* will not be granted. In re Ernst, 179 Wis. 646, 192 N. W. Rep. 65, 30 A, L, R, 681.

The writ of error *coram nobis* is applicable to both civil and criminal cases. Ex parte Gray, 77 Mo. 160; Fugate v. State, 85 Miss. 94, 37 South. Rep. 554, 3 Ann. Cas. 326; 107 Am. St. Rep. 268; Ex parte Toney, 11 Mo. 661. It is not a writ of right but may be granted in the exercise of sound judicial discretion, and will not be granted unless it be duly shown that a fact existed at the trial that if then known to the court would have prevented the judgment that was rendered. 5 Ency. Pl. & Pr. 32; Dugan v. Scott, 37 Mo. App. 663; in re Ernst, 179 Wis. 646, 192 N. W. Rep. 65, 30 A. L. R. 681.

An application for a writ of error *coram nobis* must be made within the time allowed by statute for taking any writ of error; but where there is no such limitation in writs of error in criminal cases there is none as to writs *coram nobis*. State *ex rel.* Potter v. Riley, 219 Mo. 667, 118 S. W. Rep. 647; Gibson v. Pollock, 179 Mo. App. 188, 166 S. W.

Rep. 874; State v. Wallace, 209 Mo. 358, 108 S. W. Rep. 542. See also Fed. Cas. No. 13,537.

The function of a writ of error *coram nobis* is to bring the attention of the court to a specific fact or facts then existing but not shown by the record and not known by the court or by the party or counsel at the trial, and being of such a vital nature that if known to the court in time would have prevented the rendition and entry of the judgment assailed. But in order to warrant the granting of a writ of error *coram nobis* in a criminal case it must be duly shown by affidavits or other legal evidence that then existing particular facts pertinent to the case if known to the court would have prevented the judgment that was rendered; that such facts though existing at the time were unknown to the court and to the defendant and to his counsel when the judgment was rendered; that by the exercise of due diligence neither the defendant nor the counsel in the case could have known of or ascertained the stated facts before the judgment was rendered or before the motion for a new trial was made; and that the defendant and the counsel exercised all ordinary and reasonable care and diligence to discover and ascertain all facts pertinent to the issue tried; or it must be duly made to appear that such facts or other facts that would have afforded an effective defense, though existing or having occurred prior to the judgment, were not discovered or ascertained or were not made known to the court, because of actual, dominating fraud, duress or other unlawful means actually exerted by some one not in privity with the petitioner or counsel, to prevent such discovery or ascertainment or disclosure to the court in due season to be available as an efficient defense or to prevent the rendering of the final judgment rendered. See Nickels v. State, 86 Fla. 208, 98 South. Rep. 497, 502; 99 South Rep. 121, In re Erst, 179 Wis. 646, 192

N. W. Rep. 65, 30 A. L. R. 681; Sanders v. State, 85 Ind. 318, 44 Am. Rep. 29, 4 Crim. Law Mag. 359; Alexander v. State, 85 Ind. 318, 44 Am. Rep. 29, 4 Crim. Law Mag. 359; Alexander v. State, 20 Wyo. 241, 123 Pac. Rep. 68, Ann. Cas. 1915A 1282; Fugate v. State, 85 Miss. 94, 37 South. Rep. 554, 3 Ann. Cas. 326; 6 Mich. 45; Collins v. State, 66 Kan. 201, 71 Pac. Rep. 251, 97 Am. St. Rep. 361; Cross v. Gould, 131 Mo. App. 585, 110 S. W. Rep. 672; Jeude v. Sims, 258 Mo. 26, 166 S. W. Rep. 1048; State v. Wallace, 209 Mo. 358, 108 S. W. Rep. 542; Hawie v. State, 121 Miss. 197, 83 South. Rep. 158, 10 A. L. R. 205, text 213 and Notes; Wharton's Crim. Proc. 1715; Fugate v. State, 85 Miss. 94, 87 South. Rep. 554, 107 Am. St. Rep. 268; Madden v. Ferguson 182 Ill. App. 210; Graves v. Graves, 255 Mo. 468, 164 S. W. Rep. 496; Smith v. Kingsley, 19 Wend. (N. Y.) 620; Wharton's Crim. Pl. & Pr. (9th ed.) 779b; 5 Ency. Pl. & Pr. 28; 2 R. C. L. 305; Wheeler v. State, 158 Ind. 687, 63 N. E. Rep. 975; 1 Freeman on Judgments (5th Ed.) p. 514; Bradford v. White, 130 Ark. 532, 197 S. W. Rep. 1175, L. R. A. 1918A 1177; State v. Calhoun, 50 Kan. 523, 32 Pac. Rep. 38, 18 L. R. A. 838; People v. Reid, Cal. —, 232 Pac. Rep. 457, 36 A. L. R. 1435, Standard Enc. of Procedure 687; 7 Enc. Pl. & Pr. 821; 14 Mo. App. 146; 12 Cyc. 789; 158 Ind. 687, 187 Ill. 452; 16 C. J. 1326 sec. 3118; 223 Ill. App. 277; 31 Tenn. 341; 74 Tenn. 514.

The office of the writ of error *coram nobis* is to bring to the attention of the court, for correction, an error of fact—one not appearing on the face of the record, unknown to the court or the party affected, and which, if known in season, would have prevented the rendition of the judgment challenged.

The writ supplements, but does not supersede, the remedy provided in the statute for the granting of new trials or the correction of errors. It is not available where the

facts complained of were known before the trial, and where advantage could have been taken of the alleged error at the trial; nor does it lie to correct an adjudicated issue of fact.

The remedy cannot be invoked on the ground that an important witness testified falsely about a material issue in the case; nor can newly discovered evidence, going to the merits of the issue tried, be used as a basis for the writ. Asbell v. State, 62 Kan. 209, 61 Pac. Rep. 690; Howard v. State, 58 Ark. 229, 24 S. W. Rep. 8; State *ex rel.* Davis, v. Superior Court of Pierce County, 15 Wash. 339, 46 Pac. Rep. 399.

In civil cases writs of error *coram nobis* have been issued upon a due showing that a party of record died pending the action and before judgment therein was rendered; that a party against whom judgment was rendered was then an infant not properly represented in the suit or action; that a party against whom a judgment was rendered was then under a disability of coverture that vitally affected the judgment rendered; that a party was in fact insane at the trial. 2 R. C. L. 307; 2 Tidd's Prac. 1136; 5 Ency. Pl. & Pr. 27; Swain v. Heartt, 2 How. Pr. (N. Y.) 90; Life Association of America v. Fassett, 102 Ill. 315; Collins v. Mitchell, 5 Fla. 364; State *ex rel.* Potter v. Riley, 219 Mo. 667, 118 S. W. Rep. 647; Milam County v. Robertson, 47 Tex. 222.

For procedure on writ of error *coram nobis* in civil causes see Crawford v. Williams, 1 Swan (Tenn.) 341; Bolling v. Anderson, 1 Tenn. Ch. 127; 2 R. C. L. 307; Sanders v. State, 85 Ind. 318, 4 Crim. Law Mag. 359; text 373; Tyler v. Morris, 4 Dev. & Bat. L. (N. C.) 487, 34 Am. Dec. 395; 23 Cyc. 883 *et seq.;* Robinson's Forms, 338; 7 Ency. Forms, p. 741; 18 L. R. A. 838 Notes. Notice should be given of the application for the writ, 1 Swan. 341; 3 How.

Pr. 358; How. Pr. 175; Strode v. Stafford, 1 Brock, 162, Fed. Cas. No. 13,537.

Writs of error *coram nobis* have been denied in civil cases where the error is in the judgment itself (Bronson v. Schulten, 104 U. S. 410); or in the record (Cramer v. Illinois Commercial Men's Ass'n, 260 Ill. 516, 103 N. E. Rep. 459; Reed v. Bright, 232 Mo. 399, 134 S. W. Rep. 653; Madden v. Ferguson, 182 Ill. App. 210); or where there is negligence of the party or counsel (Jones Foundry & Machinery Co. v. Aurora E. & C. Ry. Co., 166 Ill. App. 166; Corry v. Buddendorff, 98 Miss, 98, 54 South. Rep. 84; Hillman v. Chester, 12 Heisk, (Tenn). 34; or for errors of the Clerk, Hartman v. Hartman, 154 Mo. App. 243, 133 S. W. Rep. 669. See also McKinney v. Western State Co. 4 Iowa 420; Pickett's Heirs v. Legerwood, 7 Pet. (U. S.) 144, 178 N. W. 382; 131 Mo. App. 585.

In criminal cases a writ of error *coram nobis* has been granted where facts have been duly presented to show that a convicted person was in fact insane at the time of the conviction assailed. Hawie v. State, 121 Miss. 197, 83 South. Rep. 158; 10 A. L. R. 205 and Note; Hydrick v. State, 104 Ark 43, 148 S. W. Rep. 541; Hodges v. State, 111 Ark. 22, 163, S. W. Rep. 506; Linto v. State, 72 Ark. 532, 81 S. W. 608; Gibson v. Pollock, 179 Mo. App. 166 S. W. Rep. 874; Adler v. State, 35 Ark. 517; Johnson v. State, 97 Ark. 131, 133 S. W. Rep. 596. Where a plea of guilty was entered because of fear of mob violence. Nickels v. State, 86 Fla. 208, 98 South. Rep. 497, 502; 99 South. Rep. 121; Sanders v. State, 85 Ind. 318, 44 Am. Rep. 29; Trattner v. State, 185 Ind. 113 N. E. Rep. 243; State v. Calhoun, 50 Kan. 253, 32 Pac. Rep. 38, 34 Am. St. Rep. 141, 18 L. R. A. 838. Where a minor has been sentenced to the peniteniary when if his minority had been known to the court he would have been sentenced to jail. Ex parte

Gray, 77 Mo. 160; 2 Bishop N. W. Cr. Pro. Sec. 1369. See also E xparte Toney 11 Mo. 661. See Ex parte page 49 Mo. 291.

Writs of error *coram nobis* have been denied in criminal cases where the testimony of the defendant was given under a misrepresentation, (Wilson v. State, 46 Wash. 416, 90 Pac. Rep. 257); where the conviction was upon perjured testimony (State v. Asbell, 62 Kan. 209, 61 Pac. Rep. 690; State *ex rel.* Davis v. Superior Court of Pierce Co., 15 Wash. 339, 46 Pac. Rep. 399; Beard v. State, 81 Ark. 515, 99 S. W. Rep. 837, 174 Pac. 325;) where jurors had expressed opinions unfavorable to the defendant (Fugate v. State, 85 Miss. 94, 37 South. Rep. 554, 3 Ann. Cas. 326; People v. Reid, — Cal. —, 232 Pac. Rep. 457; 36 A. L. R. 1435 and Notes); where the facts or circumstances complained of arose after judgment, Collins v. State, 66 Kan. 201, 71 Pac. Rep. 251, 97 Am. St. Rep. 361. See also State v. Stanley, 225 Mo. 525, 125 S. W. Rep. 475; Howard v. State 58 Ark. 229, 24 S. W. Rep. 8; Wheeler v. State, 158 Ind. 687; Hamlin v. State, 67 Kan. 724, 74 Pac. Rep. 242; where the error in the judgment itself (State v. Stanley, 225 Mo. 525, 125 S. W. Rep. 475); or to contradict an adjudicated fact, Howard v. State, 58 Ark. 229, 24 S. W. Rep. 8; or to make *nunc pro tunc* corrections in the record. Hartmen v. Hartman, 154 Mo. App. 243, 133 S. W. Rep. 669; where the fact was adjudicated or was before the court, (Graves v. Graves, 255 Mo. 468, 164 S. W. Rep. 496); when the petitioner or the counsel is negligent (Bennett v. State, 106 Miss. 103, 63 South. Rep. 339; State v. Stanley, 225 Mo. 525, 125 S. W. Rep. 475); or to obtain a new trial upon assertions of newly discovered evidence, (Howard v. State, 58 Ark. 229, 24 S. W. Rep. 8; Humphreys v. State, — Wash. —, 224 Pac. Rep. 937, 33 A. L. R. 78, and Notes; Dobbs v. State, 63 Kan. 321, 65 Pac. Rep. 658; Holt v.

State, 78 Miss. 631, 29 South. Rep. 527; 12 Cyc. 789. See also 202 Pac. 68; 193 N. W. 978, 192 N. W. 65; 146 S. W. 4; 207 Pac. 192; 237 S. W. 765; 770; 200 Pac. 790; 174 Pac. 325, 143 N. E. 100; 247 S. W. 1036.

Where a judgment of conviction of a crime has been affirmed on writ of error the trial court cannot grant a writ of error *coram nobis*, for the affirmed judgment is also the judgment of the appellate court and the lower court is without power to review the affirmed judgment or to impair its validity or effect. Partlow v. State, 194 Ind. 172, 141 N. E. Rep. 513; 30 A. L. R. 1414, 277 Fed. 306. Contra, Hydrick v. State, 104 Ark. 43, 148 S. W. Rep. 541; Johnson v. State, 97 Ark. 131, 133 S. W. Rep. 596; State v. Stanley, 225 Mo. 525, 125 S. W. Rep. 475. But if leave to issue the writ should be granted by the appellate court that affirmed the judgment, the trial court may grant a writ of error *coram nobis* upon a sufficient showing duly made.

After the affirmance of a judgment of conviction taken to the Supreme Court by a writ of error, the trial court is without authority to consider an application for a writ of error *coram nobis*, unless permission is duly given by the appellate court that affirmed the judgment. When such permission is given, *it merely authorizes* the trial court to consider an application for a writ of error *coram nobis* and to grant the writ if in the judgment of the trial court a sufficient showing is made for granting the writ, *viz*, a proper and adequate showing by duly authenticated legal evidence that at the trial specific facts existed that were unknown to the court, to the defendant and to his counsel, which if known to the court would legally have prevented the judgment that was rendered; and that there was no lack of diligence on the part of the defendant or his counsel in not discovering the stated facts or in not presenting

them to the court at the trial or within the time allowed by law for making a motion for new trial; or that the particular vital facts were not discovered or were not disclosed to the court because prevented by unlawful means actually used by others to prevent such discovery or disclosure. If the writ is granted, a trial is had in due course of law on the issue made as to the existence of the particular facts; and if found for the plaintiff in the writ, the court determines whether such facts are sufficient to cause the judgment of conviction to be vacated; but the judgment of conviction is not set aside or affected unless and until a valid judgment for the plaintiff in the writ of error *coram nobis* is rendered in due course of legal procedure. If the writ is denied, the petitioner may take a writ of error in due course. Should a final judgment against the defendant be rendered at the trial on the writ of *coram nobis,* he may take a writ of error to the appellate court to review the judgment. As the law now stands, if the trial court erroneously grants a writ of *coram nobis* the State has no right to an appellate review of such order.

The security of the State's judgment of conviction lies in the faith that the trial court will not grant a writ of error *coram nobis* except upon a proper and sufficient showing of essential facts duly made by competent legal and adequate evidence and by testimony under the oaths of the defendant and of counsel who are responsible to the court for the propriety of their action. The above outline of principles and citation of authorities will serve present purposes.

It is considered and ordered that John J. Lamb be and is hereby given permission to make due and proper application to the Judge of the Circuit Court for Manatee County, Florida, praying for the granting of a writ of error *coram nobis* addressed to the judgment of conviction of murder

in the first degree with a recommendation to mercy rendered in the case of the State of Florida vs. John J. Lamb, which judgment has been affirmed by this court. The execution of the mandate from this court, which is this day transmitted to the trial court, will be stayed for twenty days during which time the said John J. Lamb, upon five days' notice to the proper legal representative of the State in the cause, may make the application herein authorized to the Circuit Judge, upon a due and adequate showing for the granting of a writ of error *coram nobis* in the premises.

A copy of the order made herein together with a copy of this opinion will be duly certified to the Judge of the Circuit Court.

It is so ordered.

TERRELL, J., concurs.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the Opinion.

BUFORD, J., disqualified.