DAYTON, Associate Justice.
Appellant was tried in the Criminal Court of Record of Hillsborough County and convicted of buying, receiving and aiding in the concealment of stolen property. Upon the rendition of a verdict of guilty, and the denial of appellant’s motion for new trial the Court sentenced appellant to serve five years in the State prison, from which judgment and sentence this appeal is taken. Appellant was convicted of buying, receiving and aiding in the concealment of a quantity of cement blocks, the property of Tampa Sand and Material Co.
In this appeal appellant challenges the sufficiency of the evidence to support the jury’s verdict finding the appellant guilty and, second, appellant contends that the refusal of the trial court to grant his application for permission to file an extraordinary motion for new trial constitutes reversible error.
As to the first question we have carefully reviewed the record and find that in our opinion the evidence was amply sufficient to support the verdict of the jury.
In his application for permission to file an extraordinary motion for new trial appellant avers the new discovery of evidence which was not known by appellant or by his then attorney at the trial, and could not have been ascertained by appellant or his attorney at the time of the trial by the exercise of due diligence. In considerable detail thereafter, appellant sets forth that certain testimony of one Robert Mills, a witness for the state, was false in that it was contradictory to the testimony given by the said Robert Mills at his own trial some two weeks earlier, and that by presenting “perjured testimony” at the trial of appellant, the office of the Hillsborough County Solicitor did perpetrate a fraud upon the Court and upon appellant in that such testimony was used to bring about the conviction of appellant.
The record indicates that appellant was tried and convicted on March 26, 1952; on March 28, 1952 the trial Court entered its *785 order extending the time for filing a motion for new trial, which motion for new trial was filed on April 4, 1952. One of the grounds of the motion for new trial which was filed by appellant, and after argument denied by the trial Court, was that “Robert Miller”, a state witness, perjured himself while testifying under oath, in that he made certain statements which were contradictory to statements made by him at his own trial on March 13, 1952.
It is contended by appellant that his application for permission to file an extraordinary motion for new trial is in the nature of an application for issuance of the writ of error coram nobis and is not governed by the provision of Section 920.02(3), Florida Statutes, F.S.A., which fixes the time for filing motion for a new trial, and in support of his position cites Ex parte Welles, Fla.1951, 53 So.2d 708, 711, where this Court, speaking through Mr. Justice Terrell, said:
“When the Lamb case [Lamb v. State, 91 Fla. 396, 107 So. 535] was decided appeals in criminal cases were by writ of error, but since that decision writs of error have been abolished and review of criminal cases is now accomplished by appeal. Such appeals must be taken by the defendant within 90 days after the judgment is entered. If application for the writ is made in the trial court, it should be made within the time allowed for taking an appeal unless good cause is shown for a longer delay. If appeal has been taken to this Court the application may be made here for permission to apply to the trial court at any time before the case is decided, but in any event application must be made to this Court within 90 days from the date its judgment of affirmance is entered, unless good cause is shown for not applying within that time. * * * ”
From a careful examination of the record with the view of determining whether any substantial right of the defendant was jeopardized by failure of the trial court to permit the filing of an extraordinary motion for new trial we find the following:- (1) Except that the grounds are set forth in considerably more detail in the application for leave to file the extraordinary .motion for new trial, the allegations are substantially the same as those contained in the motion for new trial which was heard and denied by the trial court. (2) ■ The application for leave, to file the extraordinary motion for new trial states that the newly discovered evidence was not known by defendant or his then attorney, nor could it have been known to either of them at the time of the trial, although the -transcript of testimony clearly shows that defense counsel in cross-examining the witness Mills knew that he had been recently convicted, as evidenced by the following questions and answers.
“Q. (By Defense Counsel) You were convicted last week were you, a couple of weeks ago? A. Convicted?
“Q. Yes. A. That is right.”
(3) Appellant in his brief states that his attorney learned during the course of appellant’s trial for the first time that the witness Mills had been tried thirteen days earlier and that “the Defendant informed his attorney during the course of said trial that Mills was perjuring himself.”
It is, therefore, our view that appellant has not exercised due diligence in learning of the testimony given by Mills at his own trial thirteen days prior to the trial of appellant. It appears from appellant’s brief that appellant himself had knowledge of the prior inconsistent statements said to have-been made by Mills ánd that he imparted said knowledge to his counsel during the course of the trial from which this appeal is taken. The trial court granted appellant’s motion for additional time in which to file his motion for new trial, which was filed approximately nine days after the trial date. It, therefore, appears that appellant with knowledge of the prior inconsistent statements of.the witness Mills, and the inclusion of such ground in support of his motion for new trial which was filed nine days after the conviction, gave appellant ample time in which to ascertain the facts pertaining to the former testimony of the witness Mills and that the trial court *786 did not commit error in denying appellant’s motion for leave to file an extraordinary motion for new trial.
The judgment of the lower Court is, therefore, affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.