Totten, J.,
delivered the opinion of the court.
On the 9th May, 1850, in the circuit court of Maury, Charles D. Crawford recovered judgment against John Williams for $768 12, for freight on 346 bales of cotton, alledged to be due to him from the defendant.
On the 30th August, 1850, the defendant exhibited his petition before the- judge of said court, and for the reasons therein stated, prayed that the execution of said judgment be superseded, and for a writ of error coram nobis, to revoke and annul the same. These writs were accordingly granted by the judge. At September term, 1851, the said Crawford, by attorney, moved the court to dismiss said petition; the motion being overruled, he thereupon pleaded “ that the matters and things stated in said petition are untrue, and prays that the same be enquired of by the court.” Upon a trial thereof, by the Court, it was adjudged that said former judgment be revoked and annulled, and that said cause be reinstated on the docket for trial de novo. From this judgment the said Crawford has appealed in error to this court.
The questions to be considered relate, first, to the manner of proceeding in error coram nobis; second, to the merits upon the facts as they appear in the present case.
It seems from our own cases, to be a proper practice to state by petition the facts and grounds upon which the party seeks to obtain the writ of error coram nobis; and where a su-persedeas is likewise desired to restrain execution of the judgment, sought to be revoked, the petition, on that account, becomes a necessary practice.
The supersedeas may be granted on cx parte application with *343 out notice; but it seems that the writ of error coram nobis is granted on motion, before the court, of which motion notice must be given to the defendant in error, unless he, by appearing waive it. Wynn vs. Governor, 1 Yerg. R., 150; Goodwin vs. Saunders, 9 Yerg. R. 91; Merrit vs. Parks, 6 Hum. R. 332. The defendant in error must appear or have notice to appear, because the writ of error coram nobis is in the nature of a new suit to revoke and annul the judgment in the former suit.
The writ being granted, the plaintiff in error makes a formal assignment of errors, in the nature of a declaration, stating the errors in fact relied upon; and to this assignment the defendant may plead or demur. The common plea in error is, in nulla est erratum, which admits the fact to be as al-ledged, and insists that in law it is not error, and the matter of law arising upon this plea or upon demurrer, is, of course, referred to the judgment of the court. 2 Tidd’s Pr. 1173.
If the defendant would deny the truth of the error in fact assigned, he must traverse the same by plea and take issue thereon; or if the case requires it, he may plead specially any matter in confession and avoidance, as a release of errors, the statute of limitations, &c., to which the plaintiff in error may reply or demur, as may seem proper. 2 Tidd’s Pr. 1175 ; 2 Bacon Abr. Title error.
If the pleadings result in an issue of fact, it must, of course, be tried by a jury, as in other cases. The judgment, if for the plaintiff in error, is that the former judgment be recalled, revoked and annulled; if for the defendant in error, that the same be affirmed. 2 Tidd’s Pr. 1179.
Now, it will be seen from this brief statement, that several manifest errors in practice were committed in the present case.
First, there was no assignment of errors in fact, and the defendant’s plea traversing the facts stated in the petition, is not to be regarded as forming any issue. Second, upon the *344 assumption that there was an issue of fact, it was error to submit it to the judgment of the court, instead of the verdict of a jury. Third, the court having adjudged the case in favor of the plaintiff in error, and revoked and annuled the former judgment, it was error to order that said cause be re-instated on the docket for trial de novo; for the judgment upon error coram nobis is final as relates to the former judgment and suit.
Second. In the next place, as to the merits as they appear in the facts of the present case:
The said Williams, a citizen of New Orleans, was summoned in the former suit, while on a visit in Maury county. He applied to M. S. Frierson, an attorney residing in Maury, and who had regularly attended to professional business for him for several years, to attend to that suit. He stated the case fully and in detail to the attorney, and the facts upon which he relied in defence. It appeared to the attorney from this statement, that the plaintiff had no cause of action, and he replied “ that he would see Maj. Polk, and if he concurs with me in opinion, we will dismiss the suit.” He afterwards spoke to the attorney about the propriety of transfering the suit from the State court to the circuit court of the United States at Nashville. He left for New Orleans under the full impression that he had retained Mr. Frierson, and having- placed him in possession of his defence, that he would, as in former cases, give the case proper attention. Mr. Frierson, who was examined as a witness, gives it as his opinion, in view of the facts as they occurred, that said Williams left with the full impression that he had retained him as counsel in the case.
But the fact was, Mr. F. was employed with Maj. Polk, as counsel for the plaintiff, and the latter was the plaintiff’s surety for the costs. Mr. F. was, at the time, under the impression that said Williams was aware of his retainer, and that he *345 had laid the case before him fully and frankly, to induce him to dismiss the suit. •
By reason of this misapprehension and mistake, in which we are not prepared to say that there was any negligence or fault on the part of either client or attorney, no appearance was made for said Williams. The result was, that judgment by default and judgment final were rendered as before stated, before it was made known to the said Williams, that his supposed counsel was in fact the counsel of the other party.
It further appears, prima facie, that the plaintiff in the former suit has no cause of action. The claim was for the freight of 346 bales of cotton, to be delivered by said Crawford to said Williams, at New Orleans, at the rate of $2 per bale. The boat on which the cotton was shipped,- was wrecked on the way, and the cotton re-shipped by said Crawford’s agent, on a steamer about 100 miles above New Orleans, and consigned to said Williams at the rate of $6 per bale, which he was compelled to pay before he could get possession of the cotton. The agent of said Crawford received from the commander of the steamer, about $180, as reasonable freight for carrying the cotton that far. And yet the judgment is for full freight, at two dollars per bale, according to the original contract. If these facts be true, it is very clear that the plaintiff in the former action is not entitled to recover, and the judgment therein should have been for the defendant.
Now, is the writ of error coram nobis the proper remedy in such case ?
If a judgment be erroneous inmatter of fact only, and not in matter of law, it may be reversed in the same court by writ of error coram nobis; for, error in fact, is not the error of the judges, and reversing it is not reversing their own judgment. 2 Tidd’s Pr. 1137.
The error in fact, which will render a judgment erroneous, must be such as would have precluded the rendition of such *346 judgment, if the fact had judicially appeared at the former trial. As where the plaintiff or defendant was a feme covert at the institution of the suit, or where either party haddied before the verdict or interlocutory judgment. 2 Tidd’s Pr. 1137; 1 Burrow R. 410 ; Tyler vs. Morris, 4 Dev. & B. 489.
So, when judgment was against a sheriff and his sureties, on motion and without notice, it was held to be an error in fact, which the sureties might assign, that the bond was in blank when they signed it, and was afterwards filled, without consent or re-delivery. Wynn vs. Governer, 1 Yerg. R. 150.
So, when judgment was on motion and without notice, on a bond not executed in conformity to the statute giving the motion, though good at common law, it was held to be error in fact, which might be assigned under this writ, and for which the judgment would be reversed. Goodwin vs. Saunders, 9 Yerg. R. 92.
And so, when judgment was on motion and without notice, in favor of a surety who had paid money, against a co-security, a proceeding under statute ; it was held that error coram nobis was the proper remedy to enable the plaintiff in error to plead the statute of limitations, which formed a bar to the claim on which the judgment was founded. Merritt vs. Parks, 6 Hum. R. 332.
Now, in these several cases, which illustrate the rule, the error in fact relied upon did not appear and was not judicially considered of in the trial of the former suit; if it had appeared, no such judgment could have been rendered, or, if rendered, it would have been subject to reversal for error in matter of law.
It is true, that nothing can be assigned for error in fact, which appeared and was adjudged in the former suit, or which contradicts the record of that suit. Bacon Ab. Title error.
And in Birch vs. Trist, it is said that the error in fact must *347 be of such a nature, as if true, will destroy the plaintiff’s right of action. 8 East 415.
In the present case, the contract was, that the said Crawford was to deliver to the said Williams, at New Orleans, the 346 bales of cotton at $2 per bale. The cotton was delivered by his agency, but not in the manner intended by the contract. Having possession of the cotton on the river and being unable from casualty to his boat, to carry it further himself, he, by his agent, transferred it to another boat, and agreed that the freight should be at the rate of six dollars per bale. The cotton was thus delivered by the agency of said Crawford, and by his agency also, the consignee was compelled to pay a higher rate of freight than by his contract with said Crawford he was under any obligation to pay.
Upon this state of facts, taking them to be true, we see no reason why the said Crawford should be allowed a charge for freight in addition to that which, by his agency, has been already paid, by the consignees.
^ When he relinquished the cargo at a higher rate of charges than he by his contract was entitled to receive, it is to be presumed that he likewise relinquished any claim to compénsa-le tion for himself; otherwise, the consignee would be subjected to the burden of a double payment, which would be absurd. The error in fact, therefore, which prima facie appears in the former judgment, consists in the two considerations, that the said Crawford did not comply with his said contract and undertaking ; and second, that the freight due upon the said cargo has been fully paid by the consignee.
This defensive matter was not considered or adjudged in the former case; for no defence was made. If this defence truly exist in the facts of the case, it is conclusive against the said Crawford’s right to recover, or in the language of the court, in Birch vs. Trist, 8 East, it destroys the plaintiff’s right of action.
*348 The said Williams had, therefore, a good defence, which Was not made, ancl considering the circumstances as before stated, we do not think that he was so chargeable with negligence in not making his defence, as that he should lose his right for not making it.
The judgment of the circuit court Will be reversed and the cause be remanded to be proceeded in, in conformity to this opinion.