Lead brick, J.,
delivered the opinion of the court.
In 1859, Belote sold to Taliafero a tract of land in Gibson county, and gave bond for title, and Talia-fero afterwards sold and conveyed, by deed, the same land to W. C. Thruston, under whom A. J. L. Thrus-ton and others claim title to the land.
Belote transferred one of the notes for the purchase money to the testator of McNeil, and filed his *250 bill to enforce the vendor’s lien, for the use of McNeil, executor of said testator, against the administra- • tor of Taliafero and the heirs of W. C. Thruston.
To this bill, A. J. D. Thruston and others, as. heirs at law of W. C. Thruston, were made defendants, and they answered, relying upon certain defenses,, which, however, were not sufficient to defeat the relief prayed for, and a decree was rendered at the-May Term,' 1870, directing the sale of the land for the payment of the purchase money. From this decree the defendant prayed an appeal, which was granted, and time was given for the execution of a bond. No bond, however, was executed, and at the May Term,. 1871, the decree of the May Term, 1870, was revived, with the additional direction. that the land-should be sold without redemption.
In August, 1871, the said A. J: I). Thruston filed his petition for a writ of error oorum nobis, to reverse and annul the decree of the May Term, 1871. That decree was erroneous in directing the sale of the land without the right of redemption, as no such relief was prayed for in the bill; but that was an error of law, as to which the defendants might have been relieved upon appeal or writ of error. The decree which it is sought to reverse and annul, was not a final decree. See Abbott v. Fagg, 1 Heis., 746.
In August, 1871, A. J. D. Thruston for himself, and certain minors by him as next friend, filed their petition in said chancery court for writs of error ooram nobis, alleging that said minors were not, and had not been made, parties to said suit; claiming an in *251 terest in, and title to, said land • and éomplaining that they understood, and that it was declared in court, that no litigated ease would .be tried at the term at which the - decree complained of was rendered. But it does not appear by whom this was declared, while it is alleged that the understanding was between petitioner and his counsel. It was held, by this court; that where all litigated cases were actually continued by order of the court at an early day of the term, and, afterwards, on Satuday, the last day of the term, a case, in the absence of the party and his counsel, was taken up and finally disposed of, the error might be corrected by writ of error corcim nobis. Crouch v. Mullinix, 1 Heis., 478.
But it was also held, in Brandon v. Diggs, 1 Heis., 477, that the law requires of the parties diligence in the prosecution or defense of their suits, in all cases. To entitle a party to relief upon the ground of surprise, it is certainly indispensable that he shall have-been vigilant, and guilty of no negligence.
The petition discloses no ground of relief upon the facts stated. It is to be presumed that they are stated as strongly and fully in favor of the petitioners as the truth will warrant, and yet unless we supply by construction allegations wholly omitted, we-cannot find any ground upon which the relief asked for can be granted.
But the record shows that, even if these minors had been parties to the case, which they were not, they are not here complaining of the dismissal of the petition. Erom that decree there is a prayer for an. *252 appeal to this court, by said A. J'. D. Thruston and •others, which is granted upon condition that they enter into bond and security before the clerk and master on or before the November rules of the court.
On a subsequent day of the term, the record shows that A. J. D. Thruston, on his application, was permitted to take an appeal without giving security, upon his making oath that he was not able to give bond, •etc. He made oath accordingly, meaning that, owing to his poverty, he was unable to give bond, etc., that he is entitled to the benefit of an appeal, and that great injustice will be done him, etc. No bond was given by the minors, and no affidavit was made by them, or by any one for them, that they were unable to give security, etc.
We are of the opinion, therefore, that there was no error in the decree of the Chancellor dismissing the petition for a writ of error ooram nobis, and we affirm his decree.
As no appeal was allowed from the orders or decrees of the Chancellor in the case sought to be reversed, it remains before him for further proceedings. The costs of this court will be paid by the appellant, and those in the court below as adjudged by the Chancellor.