## J. B. Z. JACKSON v. MILSOM & COE.

PLEADINGS AND PRACTICE. *Writ of error coram nobis. Properly dismissed. When.* A petition for a writ of error *coram nobis* was properly dismissed which showed that the judgment was rendered sixteen months after the service of process, and that the petitioner, without examination, supposed the process was issued in another suit on the same instrument against a co-obligor.

### FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county. NATHANIEL BAXTER, SR., J.

J. C. & J. M. GAUT and T. M. OSMENT for Jackson.

EAST & FOGG for Milsom & Coe.

COOPER, J., delivered the opinion of the court.

On the 4th of May, 1876, Milsom & Coe sued J. B. Z. Jackson in the circuit court on a note, and

Jackson *v.* Milsom & Coe.

the summons was served upon him on the same day. The declaration was filed on the 6th of September, 1876. On the 8th of September, 1877, one year thereafter, judgment final by default was taken against Jackson. On the 18th of January, 1878, Jackson filed his petition for writ of error *coram nobis*, and superseded the execution on the judgment. On the 2d of February, 1878, upon motion of the defendants, the court dismissed the petition upon the ground that the allegations therein were insufficient in law to sustain it. Jackson appealed. The parties waived a formal assignment of errors until the motion to dismiss was disposed of.

If the matter of a petition for writ of error *coram nobis* be insufficient, or from its face it appears to have been granted contrary to law, there is no reason why advantage may not be taken of the defect by motion to dismiss: *Elliott* v. *McNairy*, 1 Baxt., 346; *Gallena* v. *Sudheimer*, 9 Baxt., 189. A party seeking to avail himself of this remedy, even if he be able to assign an error of fact which would have prevented the rendition of the judgment if the fact had appeared at the trial, must show that it was owing to no negligence on his part that the fact was not made to appear at the trial; for, if by the exercise of reasonable care and diligence he could have availed himself of the fact, the remedy is denied him: Code, sec. 3116; *Bigham* v. *Brewer*, 4 Sneed, 435; *Dunnivant* v. *Miller*, 1 Baxt., 227; *Mahalovitch* v. *Vaughn*, 1 Baxt., 325.

The petition concedes that the summons in the case was served on the petitioner by the sheriff, and that

he looked at the writ sufficiently to see that it was upon "the note above set out," that is, copied in the petition. He says that a suit had already been brought against one of the parties to the note, and that party had written to him, he being a citizen of Alabama, that *they* had been sued, and he was expecting that the writ would be served upon him 'when he came to Tennessee, and, when it was served, supposed it was in the same suit. He called immediately upon his co-obligor, and conferred with him as to their mutual defense, and returned under the belief that they were sued together. He corresponded with his co-obligor in reference to the case, came to Nashville to attend the trial as a witness, and, upon the case being postponed, gave his deposition. He did not discover his error until the execution had issued against him on the judgment by default.

We concur with the circuit judge in his conclusion that the "mistake," by which the petitioner was prevented from making defense, was not "without fault on his part." There was gross negligence in not looking into the case, from which we cannot relieve him.

Affirm the judgment.