H. E. PATRICK, Complainant-Appellant, *v.* W. M.
SKINNER *et al.,* Defendants-Appellees.

(*Nashville,* December Term, 1955.)

Opinion filed March 9, 1956.

684

M. S. Ross, of Nashville, P. M. HARBERT, of Savannah, and RAY HOLLIS, of Waynesboro, for plaintiff.

R. R. HAGGARD, of Waynesboro, for defendants.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

Appellees have filed a motion to dismiss this appeal which will be referred to hereinafter, but it is deemed necessary first to state the pleadings and the action of the Court thereon.

Appellant filed his original bill on April 20, 1950, against appellee, W. M. Skinner, in which it was averred

that late in September 1947, they had formed a partnership under the name and style of W. M. Skinner Lumber Company for the purpose of buying standing timber and logs and cutting and manufacturing same into board lumber for the market, with its business to begin on October 1, 1947, at Clifton, in Wayne County, Tennessee. After stating the terms of said agreement it was averred that the partnership was dissolved by mutual consent April 1, 1950, and that a large sum of money was owing to appellant for his share of the profits and the assets of the partnership. A full and complete accounting was prayed. The People's Bank of Clifton was called on to exhibit all ledger accounts and depositor records kept for the company since June 30, 1949, and the defendant was called upon to answer the bill under oath and to make a full and complete discovery of all matters, and the bill prayed for the appointment of a receiver.

The defendant promptly filed his answer and cross-bill in which he denied the existence of a partnership, plead an accord and satisfaction between them and denied the right of complainant to a discovery as prayed for, and declined to divulge his private business until complainant should show some interest in the matters and things inquired about. He filed a cross-bill at the same time alleging that complainant was indebted to him for lumber sold and delivered in the amount of something over $500. Complainant excepted to the answer for insufficiency but the exception was overruled. The Bank of Clifton declined to furnish the information demanded of it. Exceptions for insufficiency of its answer were likewise overruled.

The bookkeepers for the lumber company answered the bill exhibiting certain financial statements covering the period from October 1, 1947, to December 31, 1949, and

averred that they had fully complied with the orders of the Court with respect to the surrender of all books and papers in their possession relating to the controversy, except a list of books and papers showing those which had been turned over to the receiver in the cause.

When the case was heard by the Chancellor he held that no partnership existed and dismissed the bill. Complainant appealed to the Court of Appeals and, as appears from the briefs of respective counsel, the parties limited the question presented on appeal to one proposition, namely, whether or not a partnership existed between the parties as alleged in the bill. The Court of Appeals held that there was no partnership but a joint adventure, stating that for the purposes of this case there was no difference between the one and the other. The Court of Appeals, however, not only decided the sole question submitted to it but went further and determined there was a joint adventure and the extent thereof, and as a result held that the agreement of the parties included only two tracts of timber, the Miller and the Spears tracts, and the custom logs, which are logs brought by other parties to the mill and there purchased, which were sawed and stacked along with the Miller timber. It further held that when the Miller tract and the Spears tract of timber were sawed, along with the custom logs and all this lumber was stacked on the yard, the business adventure ended and nothing was left to be done except to sell the lumber and to account, stating as a reason thereof that no contract which involved any timber or lumber except that mentioned above existed between the parties. The accounting was ordered to be limited to the above stated items.

Upon the entry of the order on the procedendo in the Chancery Court Skinner then by order of the Court al-

lowing same, filed an amendment to his cross-bill in which he claimed that by reason of certain errors committed by the firm's bookkeeper he was entitled to a credit of an additional $1,000 in the accounting. In said cross-bill it is averred that although this defendant and cross-complainant originally took the position in the Chancery Court that he had had a stated and settled account with the complainant and that neither of the parties could go behind such statement, it is averred that the Court of Appeals held to the contrary when it remanded the case for reference as above stated.

Cross-defendant Patrick filed his answer to that cross-bill in which in substance it was denied that Skinner had paid him a greater sum than he was entitled to, and it is further averred that the bookkeeper, Mr. Hessey, was employed by Skinner to keep the books and records of the company and that Skinner furnished him with all the information with regard thereto and, therefore, the said Patrick, not knowing the facts, could only deny said allegations and demand strict proof thereof.

Following the filing of the above cross-bill on July 12, 1954, the original complainant Patrick, on August 31, 1954, filed by permission of the Court an amended and supplemental bill. In same Patrick avers that despite the fact that the relationship of joint adventure has been decreed as having existed between them, the said Skinner still refuses to produce any of the records called for by prayer No. 5 of his original bill; that Skinner is practicing a gross fraud upon the Court in maintaining himself to have been a man of means on the date of the commencement of the alleged partnership, whereas in fact he was possessed of little means and could not possibly have commenced the operation of the partnership by the purchase of the Miller tract for which in fact Patrick paid

over $10,000; that Skinner has used the profits of the joint adventure for his own individual benefit in the purchase of other timber, etc., carrying on clandestinely without the knowledge of complainant these several ventures for his individual benefit, whereas, under the original agreement between the two of them Skinner agreed to devote his entire time, efforts and attention to carrying on the joint business, of which Skinner would be in full charge of all operations from the standing timber in the woods to and through the manufacturing and marketing of the products thereof; that while in breach of the agreement between them which required him to devote his full time to the joint adventure, the said Skinner has intermingled his so-called personal affairs with the joint affairs to the extent that he alone knows the true condition thereof and that he has failed to give the said bookkeeper all the information in regard to same; it is further averred that it was agreed that the funds of the joint adventure would be deposited in the individual name of Skinner and that all such funds constitute a trust fund and complainant is entitled to trace same into whatever form of property they have been converted.

The foregoing acts complainant charges were not known to him at the initial hearing of this cause, that they constitute both actual and constructive fraud, and it is sought to set aside the decree of the Court of Appeals with reference to the limited accounting by reason of such fraud.

It is then averred that if complainant be mistaken as to the alleged invalidity of this part of the decree of the Court of Appeals, that nevertheless the Court will so mold the reference to the Clerk and Master as will effect an adequate division of the profits and assets of the joint undertaking.

Appropriate prayer for relief thereafter followed.

The only relief sought against the Bank of Clifton by this amended and supplemental bill was a discovery. The Chancellor sustained the demurrer.

Skinner filed a motion to dismiss, action upon which was reversed by the Chancellor and Skinner then, without waiving his rights under the said motion, filed his demurrer upon several grounds. The Chancellor sustained the first ground of the demurrer of Skinner which was directed to that part of the amended and supplemental bill which seeks to set aside and vacate the decree of the Court of Appeals for fraud because no facts constituting extrinsic fraud in obtaining such decree are alleged.

The Chancellor sustained the third ground of Skinner's demurrer which was addressed to that part of the amended and supplemental bill which sought a discovery by Skinner as to a complete financial statement of all his individual assets as of October 1, 1947, and the nature of the investment of those assets. The Chancellor held that such information was wholly foreign to the issues involved on the reference ordered by the Court of Appeals in this case.

It is not necessary for this opinion to mention any other grounds of the demurrer, except the fifth ground which the Chancellor sustained and which was to the effect that the Chancellor on the original hearing held that there was an accord and satisfaction, that there had been no appeal from same and no assignment of error in the Court of Appeals to the action of the Chancellor in this regard and the matter stands adjudicated and complainant is entitled to no relief under the amended and supplemental bill.

On October 4, 1954, complainant filed a motion for a

judgment pro confesso on the original bill filed April 20, 1950, which motion was overruled.

After the Court had sustained these demurrers to the amended and supplemental bill, but before the entry of the decree, complainant moved the Court to vacate its opinion and permit him to amend the amended and supplemental bill alleging in substance that the Court of Appeals' opinion was coram non judice for the reason that the sole question submitted to the Court of Appeals was whether or not a partnership existed between the parties, whereas the Court of Appeals determined that while there was no partnership, there was a joint adventure, and then went further and determined the extent of that joint adventure. That if complainant was mistaken in that instance, then the proffered amendment averred that said decree of the Court of Appeals directing the limited accounting on the remand was interlocutory and settled no principle and adjudged no right and was not final in the sense that it was beyond the power of the Court to change it at a subsequent term when confronted with new pleadings and new issues directly bearing on the accounting matters which were expressly reserved by the Court when the cause was initially heard. It is then sought to broaden the reference to include inquiry as to what funds belonging to the joint adventure were allegedly used in the purchase of other timber and logs which were commingled with the Miller and Spears timber and custom logs in which a constructive trust is asserted. It is then sought by prayer No. 6-e to require Skinner to make a general accounting to complainant as to any and all matters set out in the original bill, as well as in the amended and supplemental bill. It is further asserted that Skinner by having filed the amendment to his cross-bill in which he seeks to recover an additional

$1,000 from the complainant is judicially estopped to object to the complainant's opening up the accounting as to all matters set forth in said amended and supplemental bill.

The above amendment was disallowed by the Chancellor.

On November 19, 1954, an appeal was prayed and granted from the order of November 11, 1954, sustaining the demurrers to the *amended and supplemental bill,* the decree of November 13th, *disallowing the amendment* to the *amended and supplemental* cross-bill and from the order of reference entered on July 12, 1954, and from the overruling of complainant's motion for a judgment pro confesso on October 11, 1954.

The defendant Skinner has filed a motion to dismiss the appeal on seven grounds which need not be stated in full or in detail. It is obvious that the order overruling the motion for a judgment pro confesso is purely an interlocutory order from which no discretionary appeal will lie.

With reference to the order of reference entered on July 12, 1954, it is clearly an interlocutory order and if it had been the order of the Chancellor, it would have been appealable in his discretion under Sec. 9038 of Williams' Tennessee Code, but that statute is not applicable because the order of reference was not made by the Chancellor but was made by the Court of Appeals, which order was entered upon the procedendo upon the minutes of the Chancery Court. Moreover, the appeal from that order was not granted within the 30 days or any extension of an additional 30 days as provided by Williams' Code, Sec. 9047.

With reference to the allowance of the appeal from the sustaining of the demurrers of the Bank of

Clifton and of Skinner, it is insisted by defendants that the action of the Court thereon is not a final decree and, therefore, no appeal will lie under Williams' Code, Sec. 9047, and that since the rights of the parties are not finally adjudicated by such interlocutory order that no appeal will lie under Williams' Code, Sec. 9038. In response to that insistence the complainant insists first that we should treat the amended and supplemental bill and the proffered amendment to said amended and supplement bill as if it were an original bill to annul and vacate a decree alleged to be coram non judice. We do not think it would help the appellant any if we treated same as an original bill for the reason that, while the transcript of the record in the former appeal is not in this Court and is, therefore, not before us, yet reference to the memorandum opinion which was prepared on the petition for certiorari, which is a matter within the knowledge of this Court, shows that this question whether rightly or wrongly decided is res adjudicata. A part of said memorandum opinion which was not filed is as follows:

"When the Court of Appeals found that there was a joint adventure directed to these three tracts, it remanded the case for an accounting between the parties as to the timber from these three sources. We thought the Court of Appeals was correct and denied the certiorari without filing a memorandum.

"Patrick has procured for himself a new lawyer who has filed a petition to rehear wherein the insistence made is that this Court was without authority to determine the extent of the joint adventure because the hearing in the Court below was directed to the question of whether or not there is a partnership. It is insisted in the petition to rehear that the

Court of Appeals should have remanded for an accounting but should not have itself entered into an accounting.

"It is sought to have the Court grant the writ and remand on that insistence.

"Inasmuch as the bill prayed for an accounting, and inasmuch as Patrick was entitled to an accounting as to the items covered by the joint adventure which the Court of Appeals found to exist, it was necessary to remand the case to the end that an accounting might be taken within the limits of the joint adventure. In order to ascertain those limits it was necessary to identify the items coming within the joint adventure. If the Court of Appeals had remanded for an accounting without limiting it to these items, then the accounting would have been as to all of Skinner's lumber business, notwithstanding the holding of the Court of Appeals that the joint adventure did not cover all of the activities of Skinner in the lumber business during this period, though Patrick so insisted."

"I am impressed with the thought that the ultimate purpose of the petition to rehear was to procure an accounting which would cover the entire activities of Skinner in the lumber business, notwithstanding the concurrent findings of the Chancellor and the Court of Appeals that the contract between the parties did not cover all those activities."

"It is next insisted by appellant that since the demurrer of the Bank of Clifton was sustained in its entirety and the bill ordered dismissed that this made the same a final decree from which an appeal would not lie as a matter of right or certainly lie

within the discretion of the Chancellor under Code sec. 9038.

"This Court has held just exactly the opposite in Isreal v. Guy, 188 Tenn. 485 [221 S. W. 2d) 525]. Note particularly the language of Gibson, sec. 1265, with reference to discretionary appeals where the last sentence of that paragraph states 'an appeal by the complainant will not lie, however, from a decree dismissing the bill on demurrer as to some of the defendants or overruling a plea in abatement, but it will lie on application of a defendant whose demurrer has been overruled, the cause remaining in the Chancery Court as to the other defendants.' "

It is further insisted by the appellant that since the Chancellor sustained the fifth ground of Skinner's demurrer to the amended and supplemental bill, which demurrer was in substance that the Chancellor had held on the original hearing there was an accord and satisfaction and since no assignment of error was made on the point in the Court of Appeals, that was a final disposition of the case.

There are two answers to this proposition. The first is that it cannot be assumed that the Court of Appeals did a vain thing in ordering the reference which it did, if there had already been an accord and satisfaction. Secondly, the Chancellor was dealing with a demurrer to the amended and supplemental bill *only* and the demurrer thereto, so that when he sustained the demurrer, only the amended and supplemental bill was dismissed, leaving the original bill and the order of reference in full force and effect which made the decree merely interlocutory and not final, and if the Chancellor has erred in sustaining ground No. 5, it is subject to a correction on appeal from the final decree eventually to be entered

in the cause. Where a demurrer does not go to the entire bill, the sustaining of same destroys only that part of the bill at which the demurrer is directed, leaving the rest of the bill in effect and the action of the Court in sustaining a demurrer to some part of the bill is not a final decree from which an appeal lies as a matter of right. See Gibson, Sec. 315, and Sec. 576.

■ Likewise, if we should treat the amended and supplemental bill as being in the nature of an original bill attacking the decree of the Court of Appeals, supra, for alleged fraud, it would avail Patrick nothing. The Chancellor was clearly correct in sustaining the demurrer for the reason that the allegations as to fraud constitute solely extrinsic fraud which is not sufficient. Among numerous cases cited by the Chancellor, see *Noll* v. *Chattanooga Co.*, Tenn. Ch. App., 38 S. W. 287; *Keith* v. *Alger,* 114 Tenn. 1, 85 S. W. 71; *Sharp* v. *Kennedy,* 13 Tenn. App. 170; *Thomas* v. *Dockery,* 33 Tenn. App. 695, 702, 232 S. W. (2d) 594.

■ While we are of opinion that this appeal must be dismissed, nevertheless, the appellant is not without remedy. The appellant is entitled to a proper accounting on the joint adventure and will be entitled to show, if he can, that monies belonging to the joint adventure have been improperly diverted to other uses and the Chancellor will properly protect the interests of appellant when the proper showing is made. An order will be entered accordingly, dismissing the appeal without prejudice.