Henrietta **MEDLOCK,**
**Plaintiff-Appellant,**

v.

Mario **FERRARI, Southern Land & Associates, Inc., Harold F. Morris, Ernest Medlin and W. R. Seigenthaler, Defendants-Appellees.**

Court of Appeals of Tennessee,
Middle Section.

June 29, 1979.

Rehearing Denied Aug. 3, 1979.

Certiorari Denied by Supreme Court
Nov. 13, 1979.

Philip M. Carden and Branch Henard, III, Nashville, for plaintiff-appellant.

James W. Stinnett, Jr., Ashland City, for defendants-appellees Mario Ferrari, Southern Land & Associates, Inc., and Harold F. Morris.

William R. Willis, Jr., and Marian F. Harrison, Willis & Knight, Nashville, for defendants-appellees W. R. Seigenthaler and Ernest Medlin.

## OPINION

SHRIVER, Presiding Judge.

This is an appeal from a decree of the Chancery Court of Cheatham County, Honorable Alex W. Darnell, Chancellor, wherein plaintiff's suit was dismissed, petition to rehear was denied, motion to dismiss as to defendants Medlin and Seigenthaler was granted, and plaintiff was allowed time for perfecting an appeal within the statutory time from the date of the entry of said decree.

On December 11, 1976, Henrietta Medlock filed a complaint against Mario Ferrari, Southern Land & Associates, Inc., Harold F. Morris, Ernest Medlin, and W. R. Seigenthaler. The basis of this complaint was Ms. Medlock's unsuccessful defense in a previous case filed against her by Mario Ferrari, wherein a disputed boundary line was established and his possession of certain disputed land adjoining Ms. Medlock's property was decreed. None of the other defend-

ants were parties to the previous action, but Seigenthaler and Medlin appeared as witnesses in the trial of that case.

The complaint attacked the judgment on several grounds, including, inter alia, that it was obtained by fraud and that the Chancery Court of Cheatham County lacked subject matter jurisdiction. The only allegations relating to the defendants other than Ferrari were that in their testimony as witnesses at the trial they committed perjury, or conspired to commit perjury. The complaint was dismissed as to all defendants, first on the motion of Mario Ferrari, Southern Land & Associates, Inc., and Harold F. Morris, and then on the motion of W. R. Seigenthaler and Ernest Medlin.

None of the assignments of error presented by Ms. Medlock relate directly to the dismissal of the suit against Seigenthaler and Medlin, but instead are directed at the judgment in favor of Mario Ferrari. Accordingly, the defendants Seigenthaler and Medlin contend that the appeal as to them should be dismissed on its face.

However, in light of the fact that the plaintiff is proceeding *pro se*, the defendants Seigenthaler and Medlin have construed the complaint in the light most favorable to plaintiff and have answered the assignments of error. It is their contention that even if the allegations of the complaint purporting to charge Seigenthaler and Medlin with perjury or conspiracy to commit perjury are taken as true, no civil action will lie for such charges and the Chancellor was correct in dismissing the complaint as to them.

The Pleadings and Proceedings Below

In the original complaint filed by Henrietta Medlock it is alleged that defendant Ferrari in his original complaint in the former suit claimed title to forty acres of land in Cheatham County, Tennessee, and asked for an injunction against trespassing by Medlock and for a declaration by the Court that the survey of the Southern Land & Associates, Inc., was correct in fixing the boundary line between the property of plaintiff in that suit and defendant Medlock, and for removal of defendant's claim as a cloud on plaintiff's title.

In her answer, Ms. Medlock denied that plaintiff had fee simple title to the land described in the bill, and in Section 11 of her complaint, she states that in Ferrari's pre-trial brief it is alleged "this is a boundary line dispute," and that the Court so concluded in its first memorandum. She further alleges that the action was heard as a dispute over the location of the common boundary line between the lands of Medlock and that of Ferrari's predecessor in title.

She further avers in Section 12 of her complaint that the west line on which the original action was brought is common with the southern two-thirds of her 6,336 foot east line.

Again, she alleges that on July 14, 1960 she bought from one Baucom a long narrow tract described in Book 102, page 214, Register's Office of Cheatham County, Tennessee, describing same.

In another section of her bill she describes the boundary line in question and the monuments which she claims show where the true line is. There are numerous other allegations with respect to the location of the line between her property and that of Ferrari, and in Section 23 of her bill she complains of the survey of the Pafford land made in 1969 headed by Don Stafford, an employee of Southern Land & Associates, Inc.

In Section 29 she alleges that on May 22, 1971 defendant Ferrari, accompanied by a survey team, came on the land and personally painted the trees along the new line with white paint, which line was considerably west of the blazed marked trees in the line of 1969, and further charges that on April 16, 1962, defendant Ferrari paid taxes to Cheatham County for the 1971 taxes.

In quoting from the averments of Ferrari's complaint filed in the former suit which she is now attacking, it is averred that "the property in controversy is in Cheatham County, Tennessee; the tract purchased from the heirs of Pafford consist of approximately 158 acres, of which approximately three-fourths is in Davidson

County and one-fourth in Cheatham County."

Much of the remainder of the original complaint of Ms. Medlock deals with alleged errors, mistakes, and false testimony as to the location of the boundary line between her property and that of Ferrari.

In Count Two of her complaint she quotes from the prior decree of the Chancery Court which, as she alleges, was affirmed on appeal to the Court of Appeals, the quoted section of said decree being as follows:

". . . The survey made by Southern in 1969 is a true and accurate description of the property to which Mario Ferrari is entitled. Mario Ferrari may have immediate possession of all the property within the bounds of said survey."

She then alleges in substance that the survey was incorrect and that the Court was mislead into adopting it.

In Section 57 of Count Three of her complaint, she states:

"Plaintiff would show, however, that the disputed common boundary line between her land and that of the Ferrari land north of State Highway No. 12 is located on said Map No. 64 considerably farther east and toward Mr. Ferrari than where that line is located on the Southern plat of the Pafford land, etc."

The prayers of her complaint are:

(1) For process.

(2) For a restraining order prohibiting Ferrari or his agents, etc., from exercising dominion over the land west of the line described at the prior trial by Medlock and her witnesses.

(3) That the former decree be set aside and for nothing held because of defendant's fraud and imposition on the Court.

(4) In the alternative, if the Court should decline to set aside the former decree, that a Special Master be appointed to determine where the boundary upheld by the former decree is located on the ground.

(5) For general relief.

The final decree in the former suit, together with the complaint filed by Ferrari are made exhibits to the original complaint. Also, the opinion and decree of the Chancellor in the case of Henrietta Medlock v. Mario Ferrari, et al., is made an exhibit, together with Medlock's Petition to Rehear.

From the foregoing it is perfectly apparent that the gravamen of Ms. Medlock's complaint is that the decree in the former suit of Ferrari against Medlock was erroneous and that the Court of Appeals was in error in affirming said decree of the Chancellor.

In her complaint she charges that the Chancellor was misled by false testimony and that because of the alleged fraud practiced upon the Court by the introduction of said false testimony, the decree should be set aside, and, inferentially, said false testimony likewise resulted in a decision and decree of the Court of Appeals which, for the same reason, should be set aside and a new trial granted to the complainant.

She also charges that the decree of the Chancellor was void because the land in question was, in fact, in Davidson County and that, therefore, the Chancery Court of Cheatham County had no jurisdiction.

### Assignments of Error

Plaintiff filed four assignments of error, as follows:

"1. The Chancellor erred both in findings of fact regarding the substance of each of the three counts in this complaint and in dismissing on Rule 12.06(6) motions all three counts on the basis of a finding as to only one of the counts.

2. The Chancellor erred in dismissing on motions under Rule 12.06(6) the allegation of fraud on the Court which is contained in Count I of the complaint.

3. The Chancellor erred in dismissing on motions under Rule 12.06(6) the allegations in Count II that the decree is illegal and void without respect to whether of not it resulted from fraud on the Court or from imposition on the Court's jurisdiction.

4. The Chancellor erred in dismissing on motions under Rule 12.06(6) the allegations in Count III that the subject matter dealt with in the former decree was beyond the jurisdiction of the Cheatham County Chancery Court and that the decree is void for lack of that jurisdiction."

Although there is no specific assignment of error as to the dismissal of the suit against the defendants, Medlin and Seigenthaler, we will dispose of the question of that dismissal since it may be inferred that the appellant *pro se* intended to include that dismissal as error since Assignment No. 1 may be construed as including the dismissal as to these two defendants.

It appears that the assignments of error do not relate to the appellees Seigenthaler and Medlin since there are no specific allegations in appellant's brief directed toward a claim for relief against these two defendants. It appears that the entire brief is directed toward the Chancellor's refusal to entertain her attack on a judgment against her in a previous case to which only Mr. Ferrari was a party and wherein Seigenthaler and Medlin were not parties.

The general rule with respect to suits against a witness for alleged false testimony is stated in *60 Am.Jur.2d, Sec. 75, pps. 1012 and 1013 and in 31 A.L.R.3rd, 1423, 1425*, and may be stated substantially as follows: The law does not recognize a civil action against a witness for perjury, and neither does it recognize an action against a witness for conspiracy to commit perjury.

■ Witnesses in a lawsuit are entitled to an absolute privilege for their testimony, even when that testimony is given maliciously and with knowledge of its falsity.

To like effect is the holding of our Supreme Court in *Felts v. Paradise*, 178 Tenn. 421, 158 S.W.2d 727 (1942).

We concur in the action of the Chancellor in dismissing as to these two defendants who were merely witnesses in the former trial.

### Chancellor's Opinion

The Chancellor in acting on this matter filed a well-reasoned opinion in the case on September 10, 1977, which may be summarized as follows:

"This action in equity seeks to have a former decree of this Court set aside because it is alleged that certain material allegations were false. This same false testimony, it is averred, was the basis of the former finding of this Court."

Paraphrasing the language of the opinion, the Chancellor stated that the testimony complained of deals with the location of the property of plaintiff and defendant and relates in particular to the location of certain monuments which position the property lines and alleged false information about instruments of record by which the surveyors justified their location of the line, and misstatements of witnesses concerning their actual findings.

Assuming that all of the statements of this complaint are true, there is nothing to explain why these alleged false statements could not have been challenged at the original trial. Statements as to where the boundary lines are located and the trees or other markers along the line are statements which any layman might refute and refer to objects and places which could not have been moved or concealed.

Henrietta Medlock had an opportunity at the original trial to present refuting testimony to all of these complained of statements. There must be an end to litigation and the opportunity to offer testimony is not an open end arrangement to be used at the whim of the litigant.

As to jurisdiction, the Chancery Court of Cheatham County was the proper forum and did have jurisdiction to try the case.

The Opinion concludes:

For the foregoing reasons, this Court is of the opinion that the complaint should be dismissed at the cost of plaintiff.

/s/ Alex W. Darnell
CHANCELLOR"

■ As is pointed out by counsel for the appellees, a former judgment or decree may be set aside and annulled for fraud only if such fraud is extrinsic or collateral to the

questions examined and determined in the action. Where the parties have once submitted a matter, or had the opportunity to submit same for investigation and determination, it must be regarded as final and conclusive unless it can be shown that the jurisdiction of the Court has been imposed upon or that the prevailing party has by some extrinsic or collateral fraud prevented a fair submission or conclusion of the controversy. *Keith v. Alger*, 114 Tenn. 1, 85 S.W. 71 citing *U. S. v. Throckmorton*, 98 U.S. 61, 25 L.Ed. 93.

As was held in *Thomas v. Dockery*, 33 Tenn.App. 695, 232 S.W.2d 594 (1950), false or forged documents and perjured testimony are intrinsic evidence, being a part of the internal chain composing the process of adjudication.

And, as was held in *Jennings v. Bridgeford*, 218 Tenn. 287, 403 S.W.2d 289 (1966), it is no grounds for attacking a judgment that the defendant has concealed some evidence.

It may be said that the fundamental principle of jurisprudence that material facts or questions which were in issue in a former action and were there admitted or *judicially determined, are conclusively* settled by a judgment rendered therein, and such facts or questions become res judicata and may not again be litigated in a subsequent action brought between the same parties or their privies. *Cotton v. Underwood*, 223 Tenn. 122, 442 S.W.2d 632 (1969), quoting from 30 Am.Jur. 920–21.

Every allegation of fraud in the instant complaint, even if true, is an intrinsic fraud within the meaning of *Thomas v. Dockery*, supra.

As to jurisdiction of the Court, where a tract of land lies partly in two counties, jurisdiction of a Court in either county is undoubted. See 16–617, T.C.A., and notes thereunder, and *French v. Buffatt*, 161 Tenn. 500, 33 S.W.2d 92 (1930). Also see Section 20–404 T.C.A., "Actions in Rem".

We concur in the decision of the Chancellor and it results that his decree of dismissal of plaintiff's action is affirmed.

AFFIRMED.

TODD and DROWOTA, JJ., concur.

### ON PETITION TO REHEAR

SHRIVER, Presiding Judge.

Petitioner, Henrietta Medlock, has filed a Petition to Rehear the opinion and judgment of this Court entered June 29, 1979 in the above styled cause.

A consideration of the petition discloses that it does not bring to the attention of the Court any matters of substance that were not fully considered and passed upon by the Court in its opinion and decree of June 29, 1979.

Being satisfied with the conclusions and results reached in said opinion and decree of this Court, the Petition for Rehearing is respectfully denied.

TODD and DROWOTA, JJ., concur.